# THE CITY OF CARLYLE

*v.*

# THE COUNTY OF CLINTON.

*Filed at Mt. Vernon March 28, 1892.*

1. SPECIAL TAXATION—*local improvement—ordinance necessary.* The passage of an ordinance for the making of a public improvement is essential to the levy of a special assessment or special tax on property to be benefited. Without such ordinance there is nothing on which the proceeding can rest.

2. Until an ordinance is passed for such improvement, specifying its nature, character, locality, and giving a proper description, the committee can not act and ascertain its probable cost, and this is required as a safeguard for the protection of the property owner.

3. LOCAL IMPROVEMENTS—*power of city or village over.* In the exercise of the right of special taxation for local public improvements, a city or village has such power, and such only, as is conferred upon it by the statute, and that power must be exercised in the manner provided by the statute.

4. SAME—*ordinance for levy of special tax.* An ordinance, not for the making of a local public improvement, but after the same is completed, for the levy of a special tax for its payment, is void, and can not form the basis for such taxation. Until an ordinance is passed for the making of the improvement, no expense can be incurred which can become a charge on the property holder.

APPEAL from the County Court of Clinton county; the Hon. JESSE JONES, Judge, presiding.

Mr. JOHN McGAFFIGAN, and Messrs. VAN HOOREBEKE & FORD, for the appellant:

The following authorities conclusively show that the proceedings are all in accordance with the statute: *White* v. *People,* 94 Ill. 604; *Crawford* v. *People,* 82 id. 557; *Enos* v. *Springfield,* 113 id. 65; *Galesburg* v. *Searles,* 114 id. 217; *Watson* v. *Chicago,* 115 id. 78; *Sterling* v. *Galt,* 117 id. 11; *Springfield* v. *Green,* 120 id. 269.

Mr. M. P. MURRAY, for the appellee:

The improvement in question was completed before the ordinance was adopted.   An ordinance specifying the nature, character, location and description of the improvement was required as the first step in the proceeding.   City and Village act, art. 9, secs. 1, 2, 16-20, 22; *Lindsay* v. *Chicago,* 115 Ill. 122; *Railway Co.* v. *Jacksonville,* 114 id. 562; *Adams County* v. *Quincy,* 130 id. 579.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal by the city of Carlyle from a judgment of the county court of Clinton county, denying confirmation of an assessment of a special tax against certain property of the county of Clinton, levied for the purpose of paying for an improvement made by the city on Fairfax and Franklin streets. It appears from the record that the city of Carlyle made the improvement through its committee on public improvements, and after the improvement was completed passed the ordinance under which the special tax was assessed, and the court held that the ordinance was void, and upon that ground dismissed the petition and refused to confirm the assessment. The city of Carlyle has adopted article 9 of an act to provide for the incorporation of cities and villages, and the question presented is, whether the proceedings conform to or are authorized by that article.

In the exercise of the right of special taxation of property the city has such power, and such only, as has been conferred upon it by the statute, and that power must be exercised in the manner provided by the statute, otherwise its acts and proceedings can not be sustained.   Section 1 of article 9 provides, "that the corporate authorities of cities and villages are hereby vested with power to make local improvements by special assessment *or by special taxation,* or both, of contiguous property, or general taxation, or otherwise, as they shall by

33—140 ILL.

ordinance prescribe." (Starr & Curtis' Stat. chap. 24, p. 487.) Section 2 provides, "that when any such city shall by ordinance provide for the making of any local improvement, it shall by the same ordinance prescribe whether the same shall be made by special assessment, or by special taxation of contiguous property, or general taxation, or both." Section 17 provides: "When the ordinance under which said improvement shall be ordered shall provide that such improvement shall be made by special taxation of contiguous property, the same shall be levied, assessed and collected in the way provided in the sections of this act providing for the mode of making, levying, assessing and collecting special assessments." Section 19 provides: "Whenever such local improvements are to be made wholly or in part by special assessment, the said city council  *  *  *  shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement."

From these sections of the statute it is apparent that when a city undertakes to make a public improvement, the cost of which they expect to raise by special assessment or special taxation, the first step to be taken is the passage of an ordinance. The ordinance lies at the foundation of the proceeding, and unless an ordinance is passed there is nothing upon which the proceeding can rest. Section 1 confers power to make local improvements by special assessment, or special taxation, as the city authorities shall by ordinance prescribe. This language does not contemplate that the city council shall go on and make the improvement, and after it is completed levy and collect a special assessment or tax, and pay for such improvement. Moreover, section 19 in plain words declares, whenever the local improvements, in whole or part, are to be made by special assessment, the council shall pass an ordinance to that effect, in which shall be specified the nature, character, locality and description of the improvement. This language is plain, but in this case it was disregarded. The

improvement was made without any ordinance, but after it
was completed an attempt was made to comply with the law
by the passage of an ordinance, not to make an improvement,
but to pay for one already made. In addition to the sections
already referred to, section 20 requires the committee ap-
pointed to estimate the expense, to make an estimate of the
cost of the improvement contemplated by such ordinance;
and section 22 declares the petition addressed to the county
court shall recite the ordinance for the proposed improvement.
These sections of the statute are plain, and all point in one
direction,—that the first step to be taken, when a local im-
provement is to be made and to be paid for by special assess-
ment or special taxation, is the passage of an ordinance by
the city council. Until an ordinance is passed as required by
the statute, no work can be done or expense incurred which
can become a charge on the property of the land owner.

As has been observed, section 20 of the article requires the
city council to appoint three persons, who shall make an es-
timate of the cost of the improvement and report in writing.
This section was no doubt passed as a protection to the prop-
erty owner,—as a check to prevent a city council from entering
upon a plan of improvement without knowing what the cost
might be. But the committee is required to estimate the
cost of the improvement contemplated by such ordinance.
If there is no ordinance how is the committee to act? There
can be no ascertainment of the cost of the improvement, as
contemplated by the statute, without the passage of an ordi-
nance, and hence one of the safeguards enacted for the pro-
tection of the property owner is disregarded if the city council
can go on and make an improvement, as was done here, with-
out the passage of an ordinance.

The question is not, however, entirely new. In *Railway Co.
v. City of Jacksonville,* 114 Ill. 563, it was held, "that a valid
ordinance is essential to proceedings by special assessment for
the improvement of a street by a city. If the ordinance is

invalid, a judgment confirming an assessment on property is not authorized." In *Lindsay* v. *City of Chicago*, 115 Ill. 120, it was held: "Under the general Incorporation law, in order to obtain a judgment of confirmation of a special assessment for a local improvement, it is essential for the city to aver and prove that an ordinance authorizing the improvement had been passed. Such ordinance is the foundation of the proceeding, and can not be dispensed with." In *County of Adams* v. *City of Quincy*, 130 Ill. 566, it was held, that "the power vested in cities and villages to make local improvements by special assessments or special taxation must be exercised by the passage of an ordinance prescribing the mode to be pursued, and whether the improvement shall be made by special assessment or by special taxation of contiguous property, or general taxation, or both."

Here the city council, without passing an ordinance as required, and in total disregard of all the provisions of the statute, made the improvement, and after the improvement had been completed then an ordinance was passed, and the city attempted to follow the various steps required to be taken where a city starts out to make an improvement. We think the action of the city council was without authority, and the ordinance passed after the improvement had been made conferred no authority to make the assessment.

The judgment of the county court will be affirmed.

*Judgment affirmed.*