WILLIAM G. DAVIS *et al.*

*v.*

THE CITY OF LITCHFIELD.

*Filed at Springfield April 2, 1895.*

1. PUBLIC IMPROVEMENTS—*county court may appoint special assessment commissioners at a probate term.* Under the act of June 3, 1893, the county court, in a special assessment proceeding, may appoint commissioners at a probate term, although the final hearing to confirm the assessment is at a law term.

2. SAME—*expense cannot be incurred before ordinance is passed.* The first step to be taken in making a local improvement to be paid for by special assessment or special taxation, is the passage of an ordinance specifying the nature, character, locality and description of the improvement and the mode in which its cost shall be collected, and no work can be done or expense incurred which can become a charge upon the property of the land owner before such ordinance is passed. *Carlyle* v. *County of Clinton,* 140 Ill. 512, and *East St. Louis* v. *Albrecht,* 150 id. 506, distinguished.

3. SAME—*illegality of amendment does not affect original ordinance.* The illegality of an amendment to a valid ordinance for a public improvement, in respect to the mode of assessment and the setting aside of an assessment made thereunder, will not affect the validity of the original ordinance, so as to prevent the levy and collection under it of a special tax to pay the cost of the improvement in the manner provided therein.

4. SAME—*definiteness of time of payment of installments required by ordinance.* An ordinance for a public improvement is not rendered so uncertain and indefinite as to the time deferred installments of the assessment are to be paid, as to be void, by providing that the first installment of twenty per cent shall be paid upon the confirmation of the assessment and twenty per cent of the total each year thereafter.

5. SAME—*no right to jury trial in special taxation.* No right exists to have the question of benefits passed upon by a jury, where the proceeding is special taxation of contiguous property, as the imposition of the tax by the corporate authorities is itself a determination that the benefits will be as great as the burden of the improvement, and that such benefits will be so limited or confined to contiguous property that no serious injustice will be done by imposing the whole expense upon it.

6. SAME—*credit may be given for previous void assessment.* A property owner specially taxed for a public improvement cannot complain that another owner who had paid a previous void assessment

was held not subject to any additional tax, and therefore paid a less rate than was imposed upon the former, as the only party affected is the city, where such owner's tax is not increased or diminished.

7. SAME—*decision of city council in special taxation is final.* A property owner cannot go behind the action of a city council imposing a special tax for a public improvement, and inquire what benefits, if any, the property owners received on account of the improvement.

APPEAL from the County Court of Montgomery county; the Hon. GEORGE R. COOPER, Judge, presiding.

JAMES M. TRUITT, for appellants :

The probate term of the county court had no jurisdiction of special taxation cases. *East St. Louis* v. *Wittich,* 108 Ill. 449 ; *Mt. Carmel* v. *Friedrich,* 141 id. 369.

Without an ordinance providing for the making of a public improvement there is nothing upon which to base the levy of a special tax to pay for the same. Until the passage of such an ordinance no expense can be incurred which can become a charge on the property holder. *Carlyle* v. *County of Clinton,* 140 Ill. 512 ; *Lindsay* v. *Chicago,* 115 id. 120 ; *Railway Co.* v. *Jacksonville,* 114 id. 562 ; *Adams County* v. *Quincy,* 130 id. 566 ; *St. John* v. *East St. Louis,* 136 id. 207.

It is manifest that an ordinance must be certain and definite, in order to be reasonable. Accordingly, the courts have often held ordinances void as being vague and indefinite. 1 Beach on Public Corp. sec. 515 ; 17 Am. & Eng. Ency. of Law, p. 253, sec. 10, and notes.

This record shows such a gross abuse of power as to warrant the court in declaring that the ordinance, and proceedings thereunder, are unreasonable and oppressive, and therefore null and void. *Wiggins* v. *Chicago,* 68 Ill. 372; *Tugman* v. *Chicago,* 78 id. 405 ; *Craw* v. *Village of Tolono,* 95 id. 261; *Bloomington* v. *Railroad Co.* 134 id. 451.

Special taxes for local improvements, like special assessments, are justified on the ground that the subject

of the taxes receives an equivalent. *Enos* v. *Springfield,* 113 Ill. 65; *Bloomington* v. *Railroad Co.* 134 id. 451; *Davis* v. *Litchfield,* 145 id. 313.

DAVID R. KINDER, for appellee:

It is an inherent power in all legislative bodies to validate retrospectively that which they might have authorized in advance. Cooley on Taxation, 291, 305; *In re Sackett street,* 74 N. Y. 95; *Mills* v. *Charleton,* 29 Wis. 400; *Schenley* v. *Commonwealth,* 36 Pa. St. 29; Beach on Public Corp. sec. 1065; Dillon on Mun. Corp. 656, 753.

If a tax be void because of a disregard of apportionment, it may be re-assessed, with the proper corrections. Cooley on Taxation, 312.

Ordinance No. 656 was not void for uncertainty, nor was the judgment of the court erroneous in failing to designate when the deferred installments should become due and begin to bear interest. Secs. 55, 57, art. 9, of City and Village act; 3 Starr & Curtis, p. 208, sec. 170.

The county court did not err in holding that the determination of the city council that appellant's property was benefited as much as it might be assessed, was final, and that the question of benefits should not be submitted to a jury. *Adams County* v. *Quincy,* 130 Ill. 578; Cooley on Taxation, 623, 624, 663; *Litchfield* v. *Vernon,* 41 N. Y. 123; *Mayor* v. *Hughes,* 1 Gill & J. 480; *In re Van Rensselair,* 84 N. Y. 619; *Chamberlain* v. *Cleveland,* 34 Ohio St. 551; Dillon on Mun. Corp. sec. 761; *White* v. *People,* 94 Ill. 604.

The question whether the expense of making an improvement shall be paid out of the general treasury, or be assessed upon abutting property or other property specially benefited, and if by special assessment, whether upon all property benefited specially or upon the abutters alone, according to frontage, is final, and not subject to review by the courts. *White* v. *People,* 94 Ill. 604; *Craw* v. *Village of Tolono,* 96 id. 255; *Dickson* v. *Racine,* 61 Wis. 545; *In re Center street,* 115 Pa. St. 247.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Montgomery county, confirming a special tax levied under an ordinance of the city of Litchfield, No. 656, to pay the cost of paving State street, in that city.

On the 14th day of May, 1892, the city of Litchfield passed an ordinance, No. 622, providing for the grading, graveling, guttering, curbing and paving of State street, from the south line of Hayward street to the south line of Third street, and for the payment of the cost thereof, exclusive of street and alley crossings and intersections, by special taxation upon contiguous property, according to frontage. Section 3 of the ordinance set out fully the nature, character and extent of the improvement. Section 4 provided for the appointment of a committee to make an estimate of the cost of paving the street, except that part of the street included in street and alley intersections and crossings of the same. Section 5 provided that the expense of paving the street and alley intersections and crossings should be paid by general taxation. Section 6 provided that the remainder of the cost of the improvement should be paid by special taxation, to be levied on the lots fronting on the street, in proportion to frontage. The ordinance contained other sections, but it will not be necessary to refer to them here.

The committee named in the ordinance reported the cost of the improvement, and afterwards a petition was filed in the county court and commissioners appointed to make the assessment. At the May term, 1892, the commissioners filed an assessment roll. Various objections were filed by lot owners to the assessment, and the city obtained leave to amend its petition. In the amended petition the city showed that on May 31, 1892, the city had amended the ordinance. The amendatory ordinance, No. 627, provided that the ordinance be amended by adding to section 6 the following: "But only in proportion

to the amount of pavement in front of each of said lots, parts of lots and parcels of land along the line of said improvement so ordered to be made." An assessment roll was returned in accordance with this amendment. Objections were overruled and the assessment confirmed. An appeal was taken and the judgment was reversed. See *Davis* v. *City of Litchfield*, 145 Ill. 313.

While the cause was pending in this court a contract for making the improvement was let by the city council, and the improvement was completed according to the plans and specifications of ordinance No. 622, at a cost of $8080.78. While the cause was pending there was paid by certain property owners $1806.93 on the tax. After the judgment was reversed, on August 17, 1893, the city council passed ordinance No. 656, which contains ordinances 622 and 627 in full, recites all the foregoing facts, states specifically the amount paid upon each piece of property, what property had paid nothing, and the balance still unpaid. After specifying that the improvement had been made in good faith, and so completed, as above stated, in anticipation of the collection of such special taxes to pay the cost thereof, except street and alley crossings and intersections, it is ordained "that the improvement made on State street, by grading, graveling, guttering, curbing and paving with brick, from the south line of Hayward street to the south line of Third street, as described in ordinance No. 622, and constructed in strict accordance with the plans and specifications there set forth, passed and approved before said improvement was made, * * * is hereby declared to be a local improvement, the cost thereof to be paid for by special taxation of lots, parts of lots and parcels of land abutting upon said street, on both sides thereof, along the line of said improvement, except the cost of street and alley intersections and crossings thereof; and in all cases where the owner of any lot, part of lot or parcel of land shall have made any payment on behalf of such prop-

erty, in satisfaction or on account of the improvement described in this ordinance, such payment shall be credited and allowed on any assessment on the same property made under the provisions of this ordinance." A special tax, equal in amount to the actual cost of the improvement, not including street and alley intersections and crossings, and the cost of levying, assessing and collecting the same, less the credits before provided for on account of prior payments, is then ordered to be levied, assessed and collected upon and from each of said lots, parts of lots and parcels of land, in proportion to their frontage upon said improvement.

A committee was appointed to ascertain what had been the actual cost of paving State street, exclusive of street and alley intersections and crossings, and to estimate the cost of levying, assessing and collecting the special tax provided for; also, to ascertain what amount had been paid by property owners, and the amount necessary to be collected to pay the actual cost, together with other detailed lawful expenses. The committee having reported, proceedings were instituted to levy the special tax provided for, by filing a petition to the September term of the county court. Commissioners were appointed, and an assessment roll returned by them, as provided by the ordinance. Notice having been given of the time and place application would be made for judgment confirming the assessment, appellants appeared and filed a large number of objections. After due consideration the objections of appellants were all overruled, except an objection interposed by Adeline and Ed. R. Elliott, which was sustained, but in all other respects the assessment roll was confirmed. To reverse the judgment of confirmation appellants have appealed, and in their argument rely upon the following grounds to reverse the judgment: First, they claim that the law term of the county court did not acquire jurisdiction of the subject matter of these proceedings; second, they deny that the city of

Litchfield had the power to levy and assess special taxes to pay for work already completed; third, was that ordinance void for uncertainty in failing to fix the time when the second, third, fourth and fifth installments became due, and was the judgment of the court erroneous in failing to designate the same, and when the installments should begin to bear interest; fourth, did the county court err in holding that the determination of the city council that appellants' property was benefited as much as it was assessed was final, and that the question of such benefits should not be submitted to a jury; fifth, was the tax wrongly apportioned throughout the district.

In regard to the first question presented, but little need be said. It seems that the petition praying for the appointment of commissioners to make the assessment and levy the tax was filed in the county court August 21, 1893, at a time when the county court was in session transacting probate business, and the commissioners were then appointed. The judgment of confirmation was rendered at a law term of the county court, which commenced September 11, 1893. Under this state of facts it is claimed, that as a part of the proceedings was at a probate term and a part at the law term the court had no jurisdiction. The act of June 15, 1893, provides: "The hearing, in all cases arising under this act, may be had at either a law or a probate term of the county court." Moreover, in *Murphy* v. *City of Peoria*, 119 Ill. 509, the question arose, and we there held that the county court was authorized to appoint commissioners at a probate term, although the final hearing to confirm the assessment may be at the law term.

The second point presents a question of more difficulty. In *City of Carlyle* v. *County of Clinton*, 140 Ill. 512, where the city improved certain streets, and after the improvement was completed undertook, by ordinance, to raise money by special taxation to pay for the cost of the improvement, it was held that the ordinance was void.

This was followed by *City of East St. Louis* v. *Albrecht*, 150 Ill. 506, announcing the same rule. The principle announced in those cases is, that the first step to be taken in making a local improvement to be paid for by special assessment or special taxation is the passage of an ordinance specifying the nature, character, locality and description of the improvement, and the mode in which the cost of the improvement shall be collected, and no work can be done or expense incurred, which can become a charge on the property of the land owner, before such an ordinance is passed by the city council. A repetition of the reasoning upon which those decisions are predicated is not required here. It is enough to say that we fully adhere to the doctrine announced in those cases.

But the rule laid down in those cases does not control here. As has been seen, ordinance 622, as originally passed, was a valid ordinance. It specified the nature, character, locality and description of the improvement, as required by statute, and provided that the cost of the improvement should be paid for by special taxation of contiguous property. In this regard it was never changed, but remained as originally passed by the city council. Indeed, ordinance 627, which amended original ordinance 622, was merely an amendment to section 6 of the original ordinance, and this amendment related merely to the manner or mode in which the tax should be levied on the lot owners. The original ordinance required that the improvement should be paid for by special taxation of contiguous property, according to frontage upon the same. The amendment did the same thing, but advanced one step further, providing that a lot fronting on the line of the improvement should only be taxed, in amount, the cost of the pavement in front of such lot. This mode of assessment, when the case was here before, was held to be illegal, and the amendment to the ordinance was held to be invalid, but the different sections of the ordinance not affected by the amendment

were not condemned or held invalid. The real scope of the decision was to hold the amendment, and all proceedings under it, void, but in so far as the amendment did not affect the other provisions of the ordinance they would remain valid.

Section 46 of article 9 of the act relating to Cities and Villages, (Starr & Curtis, chap. 24, sec. 504,) provides : "If any assessment shall be annulled by the city council or board of trustees, or be set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council or board of trustees and court shall perform like duties and have like power in relation to any subsequent assessment, as are hereby given in relation to the first assessment." Here the assessment was set aside, within the meaning of this statute, by the court, and it seems plain under this section the city council had the power to pass ordinance 656 and proceed with the levy and collection of a special tax to pay the cost of the improvement, as contemplated by the original ordinance 622, passed in the first instance. This view is in harmony with *City of East St. Louis* v. *Albrecht,* *supra,* (p. 512,) where it is said : "It need only be observed, this case is wholly unlike those in which it has been held that where the improvement has been ordered by ordinance, and the assessment has been * * * set aside by any court, a new assessment may be made, as provided in section 46, article 9, of the City and Village act. In those cases the existence of an ordinance when the work was done is the basis of the re-assessment. Even where the original ordinance proves defective, and insufficient to support an assessment, yet, if not absolutely void, it may be amended or the defect cured by a supplemental ordinance and a re-assessment made." What is said in that case applies here. The original ordinance was all valid except the amendment, and the

defect which grew out of the amendment was cured by a supplemental ordinance.   The same rule was adopted in *Freeport Street Railway Co.* v. *City of Freeport*, 151 Ill. 451. See, also, *Village of Morgan Park* v. *Gahan*, 136 Ill. 515.

It is next claimed, in the argument, that the ordinance is so uncertain and indefinite in fixing the time when the second, third, fourth and fifth installments were payable, that it should be regarded as void.

By section 55 of article 9 of the act relating to the incorporation of cities, towns and villages, it is provided that the amount of any special assessment may be divided into installments, when so provided for by the ordinance, the first of which shall not exceed twenty-five per cent of the total of such assessment, and which shall be due and payable upon confirmation of the assessment.   The remainder shall be divided into four equal annual installments, payable annually thereafter, and collected as other assessments are collected.   Each of the four deferred installments shall bear interest at the rate of six per cent per annum from and after the first day of July next succeeding the confirmation of the assessment, when confirmation shall be had between November 1 and March 1; when between March 1 and July 1, then from the first day of the succeeding October; and when between July 1 and November 1, then from the first day of January succeeding.   Such interest shall be payable in each year at the time the installment for that year becomes due and payable. (Hurd's Stat. 276.)   Section 57 provides: "Whenever any city, incorporated town or village desires to make the collection of any special assessment, as aforesaid, by installments, under the provisions of this act, the ordinance providing for said improvement shall also state that the same shall be collected by installments, and fix the amount of the first installment."

The ordinance in question provides:   "The amount of such special tax shall be divided into five installments,

payable and collectible as follows: Twenty (20) per cent of the total of said special tax upon the confirmation of the assessment of the special tax, and twenty (20) per cent of the total each year thereafter, with the additional interest that is by law provided." It would be impossible for the ordinance to designate the day of the month upon which the second and other deferred installments should fall due, as in the argument the claim is made it should, for the reason the first installment is to become due on confirmation and the other four annually thereafter, and it cannot be known in advance when the confirmation will be made. The ordinance clearly states that twenty per cent of the tax shall be payable upon confirmation of the special tax and twenty per cent each year thereafter. We perceive nothing uncertain or indefinite in this provision. As soon as the special tax is confirmed, then the days upon which the deferred installments fall due are fixed. This ordinance was not framed under the act of 1893, which provides for the division of special assessments into installments, and authorizes the issue of bonds to anticipate the collection of deferred installments, and that act has no bearing upon it.

We now come to the fourth ground relied on to reverse the judgment. The appellants in the county court claimed that their property was in no manner benefited by the improvement, and they made application to the court to have that question submitted to a jury. They also, in various other ways, endeavored to have that question determined, but the court held that the determination of the city council that appellants' property was benefited as much as it was specially taxed was final. The question presented is not a new one in this court. It has arisen in a number of cases, and it has been decided in numerous cases that where a local improvement is sought to be made by special assessment, the owners of property assessed have the right to have the question

of benefits passed upon by a jury. But no such right exists where the proceeding is by special taxation of contiguous property. The distinction between the two proceedings is clearly stated in *Craw* v. *Village of Tolono*, 96 Ill. 262, where it is said: "In the case of special taxation the imposition of the tax by the corporate authorities is of itself a determination that the benefits to the contiguous property will be as great as the burden of the expense of the improvement, and that such benefits will be so nearly limited or confined, in their effect, to contiguous property, that no serious injustice will be done by imposing the whole expense upon such property. In the case of special assessments the property to be benefited must be ascertained by careful investigation, and the burden must be distributed according to the carefully ascertained proportion in which each part thereof will be beneficially affected." So in *White* v. *People*, 94 Ill. 616, it is said: "The objection that the special tax here exceeds the benefits to the lot, implies that the only mode of making the improvement is by special assessment, whereas the broad power is given, under the constitution, to make it either by special assessment, or by special taxation of contiguous property, or otherwise. * * * This proceeding is in the special taxation of contiguous property, and in the adoption of that mode there is no requirement of benefits received, and no respect thereto, further than may be had by the city council in determining upon which particular one of the several modes of special taxation of contiguous property open to them shall be resorted to." See, also, *Sterling* v. *Galt*, 117 Ill. 11; *Springfield* v. *Green*, 120 id. 269; *Green* v. *Springfield*, 130 id. 515; *Wilbur* v. *Springfield*, 123 id. 395; *Enos* v. *Springfield*, 131 id. 65. There are other cases holding the same doctrine, but it will not be necessary to refer to them here.

Where the proceeding is by special taxation of contiguous property, the law is settled in this State that

the lot owner cannot go behind the action of the city council imposing the tax, and inquire what benefits, if any, the property owners receive on account of the improvement. The resort to special taxation as a means to raise money to pay for an improvement on a street in many cases results in serious injury to abutting lot owners,—in some cases resulting in a confiscation of the owner's property; and we think it would be a wise act for the legislature to repeal the law which authorizes cities and incorporated towns to make improvements by special taxation, and require all improvements to be made by special assessment, where the lot owner has the right of a trial by jury to determine whether his lot has been assessed more than it was actually benefited. But that is a matter for the legislature to determine. So long as the law remains on the statute books, courts can do no less than enforce it.

One other question remains to be considered. The ordinance under which the special tax in this case was levied provided that all payments, made by property owners on behalf of their respective lots under the prior assessment which had been held invalid, should be credited and allowed on any amounts levied on the same property under the present ordinance. The assessment roll showed that all lots abutting on the improvement were taxed $5.04 per front foot. Lot 1, block 16, in Pierce's first addition, belonging to Adeline Elliott, was taxed $781.47, less $625.16 paid on former levy, leaving a balance of $156.31 to be taxed on the lot. Adeline Elliott appeared and objected to any tax being levied on her lot, on the ground that the lot had been previously taxed to pay for the improvement, and long before the adoption of the present ordinance she had paid the tax in full, and that the city had no power to levy an additional tax on her lot. The court sustained the objection, and the tax levy as to this lot was ordered set aside.

The only party affected by this decision of the court was the city of Litchfield, and as no cross-errors have been assigned, whether the judgment was right or wrong is not presented by this record. It is true, by the decision lot 1 was released from the payment of $156.31; but that did not increase or diminish, in the least, the tax of appellants or any other lot owner abutting on the improvement, and as appellants were not injured they are in no position to complain. The judgment of the court as to lot 1 concerned Elliott and the city of Litchfield, and them alone.

But it is said the effect of the judgment will be to require Elliott to pay but $4.03 per front foot, while the other lot owners fronting on the improvement are required to pay $5.04 per front foot, and hence the rule of uniformity is violated. The language of the ordinance levying the tax is: "That a special tax equal in amount to the whole actual cost of said improvement, except street and alley crossings and intersections, and the cost of levying, assessing and collecting the same, is hereby ordered to be levied, assessed and collected upon and from each of said lots or parts of lots, in proportion to the frontage thereof upon the line of said improvement so made and constructed, less the credits herein provided for." The assessment roll returned by the commissioners shows that every lot on the line of the improvement was taxed the same amount per front foot. Thus, in the ordinance and in the levy of the tax, the rule of uniformity was observed. But it turns out that one lot owner escapes the payment of a part of the tax. Does this destroy uniformity? We think not. The fact that Elliott evaded a part of the tax imposed on her lot, gave the other lot owners no right to be released from the tax. In the discussion of this subject, Cooley on Taxation (181) says: "It is no objection to a tax that the rule of apportionment which has been provided for it fails in some

instances, or even in many instances, of enforcement. Evasions of duty are liable to occur under all laws, but an evasion by one individual cannot give another a legal right to be excused. If the law establishes a uniform rule, its validity cannot depend upon the certainty or uncertainty of its enforcement."

The judgment of the county court will be affirmed.

*Judgment affirmed.*