## CITY OF PONTIAC v. TALBOT PAV. CO.

(Circuit Court of Appeals, Seventh Circuit. October 3, 1899.)

### No. 563.

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—METHOD OF PAYMENT.

Under the Illinois statute (1 Starr & C. Ann. St. [2d Ed.] p. 736), which vests the corporate authorities of cities and villages with power to make local improvements "by special assessment or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall by ordinance prescribe," where a local improvement is one of a class properly chargeable against abutting property, the decision of the city council to that effect is final; and a contractor for the work derives no additional rights, as to enforcing payment, from the fact that the cost of the improvement might originally have been ordered paid by general taxation.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

On petition for rehearing. Denied.

For former opinion, see 94 Fed. 65.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge. The argument for rehearing rests upon a provision of the Revised Statutes of Illinois, not previously called to attention, found in section 1, art. 9, c. 24 (1 Starr & C. Ann. St. Ill. [2d Ed.] p. 736), which reads as follows:

"That the corporate authorities of cities and villages are hereby vested with power to make local improvements by special assessment or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall by ordinance prescribe."

In the light of this provision, it is clear that authority is conferred upon the municipality, when a local improvement is ordered, to determine, in reference to its nature, whether the expense shall be paid by special assessment, by general taxation, or by both methods; and that the remark in the opinion, as handed down, that the statute "imperatively requires that the expense, aside from street intersections, shall be borne by the abutting property," must be qualified accordingly. Improvements which are classified as "local" are of various kinds, many of them not proper subjects for special assessment; and by this statute the city council is vested with the power and the duty to determine the classification of the improvement, and establish by ordinance the appropriate method of defraying the expense. As stated in Village of Morgan Park v. Wiswall, 155 Ill. 262, 267, 40 N. E. 611, 612:

"The improvement being in truth and in fact a local improvement, the decision of the municipal authorities is final, when they adopt one or another of the modes prescribed by law for the purpose of raising funds for it." The power is "devolved upon the city council alone, and not upon the courts."

See, also, Lightner v. City of Peoria, 150 Ill. 80, 87, 37 N. E. 69; Fagan v. City of Chicago, 84 Ill. 227.

The improvement in question was of the class generally recognized as a charge upon abutting property, was so determined by the city council, and the contract under which the work was performed so provided. Section 49 of the same article declares:

"All persons taking contracts with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except from the collections of the special assessments made for the work contracted for." 1 Starr & C. Ann. St. (2d Ed.) p. 777.

Section 64 establishes the same rule for claimants accepting or holding vouchers. Id. p. 784.

The expressions in the opinion have reference to these provisions, which are distinctly applicable here, and inhibit recovery in this action. The power so delegated to the corporate authorities can be exercised only for the object and in the manner prescribed. When it is exercised, and the work is performed, the latter provisions are controlling. If the assessment is "annulled by the city council," or "set aside by any court," the common council is empowered by section 46 to provide for a new assessment; and, "when the original ordinance proves defective and insufficient to support an assessment," the defect may be cured by amendment or supplemental ordinance and reassessment. City of East St. Louis v. Albrecht, 150 Ill. 506, 512, 37 N. E. 934. Such is the exclusive course open to this contractor, and mandamus is the sole remedy.

Rehearing is denied.