(Nos. 14192-14193.—Reversed and remanded.)

THE CITY OF CHICAGO, Appellee, *vs.* WILLIAM B. JEROME, Appellant.

*Opinion filed February 22, 1922.*

1. SPECIAL ASSESSMENTS—*statute must be strictly complied with to give courts jurisdiction.* The authority to make local improvements by special assessment is statutory, and the statute must be followed strictly in order to give the courts jurisdiction to enforce the collection of the assessments.

2. SAME—*valid ordinance is the foundation for the assessment.* Payment of special assessments cannot be enforced unless a valid ordinance has been passed which authorizes the improvement, and such ordinance must describe the improvement, stating its nature, character and locality.

3. SAME—*the improvement constructed must be substantially as authorized by the ordinance.* If the improvement constructed is substantially different from the improvement authorized to be constructed by the ordinance property owners cannot be compelled to pay the special assessments.

4. SAME—*when supplemental assessment cannot be confirmed without a new ordinance.* Where part of a sewer system contemplated in an improvement ordinance is abandoned because of a decision of the Supreme Court holding it to be unreasonable in a particular locality, so that the improvement finally constructed is not the improvement contemplated by the ordinance, a supplemental assessment to pay deficiencies in the cost of the improvement as constructed should be based upon a new and valid ordinance.

5. SAME—*judgment cannot be entered against person or property without notice.* A judgment entered against a party or his property without his having had notice of the proceeding in which the judgment was entered and without his having had an opportunity to be heard cannot be enforced.

6. SAME—*property owner is entitled to notice of hearing to confirm re-cast assessment roll—burden of proof.* Where the improvement as contemplated by the ordinance is held by the Supreme Court to be unreasonable as applied to a particular locality and upon remandment the assessment roll is re-cast to exclude property in that locality there must be a new hearing and a new order of confirmation, of which the property owner is entitled to notice even though his assessment is the same as before; and the burden is not on him to show that he was not notified but is upon the petitioner to show that the court had jurisdiction.

APPEALS from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

HOLDOM, PRATT & ZEISS, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, GEORGE A. CURRAN, and GEORGE P. FOSTER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

May 23, 1917, appellee filed in the county court of Cook county a petition for the construction of a sewer system by special assessment on certain streets and avenues in the city of Chicago. Attached to the petition were the recommendation and the estimate of the board of local improvements and the ordinance passed by the city council describing in detail the improvement to be made in the streets named. Appellant and other property owners, including the Municipal Engineering and Construction Company, filed objections to the confirmation of the assessment roll. These objections were overruled and an order of confirmation was entered August 2, 1917. On appeal to this court it was held that the extension of the improvement into a practically uninhabited region was oppressive and unreasonable, and the judgment of confirmation was set aside with respect to the property of the engineering company. (*City of Chicago* v. *Engineering Co.* 283 Ill. 160.) Appellee filed its election to proceed with the improvement notwithstanding the appeal, and September 1, 1917, let the contract for the entire improvement. January 26, 1920, an order was entered, on motion of appellee's attorneys, in the county court, setting aside the order of confirmation of August 2, 1917, and the assessment roll was ordered referred to the superintendent of special assessments, with directions to re-cast the assessment as to certain described property, not including the

property of appellant, by assessing its proportionate share of the estimated cost of said improvement exclusive of the lateral sewers, the extension of which this court had held to be unreasonable and oppressive. After the decision of this court in *City of Chicago* v. *Engineering Co. supra,* appellee abandoned that portion of the improvement which was to be constructed in West Eighty-third street, West Eighty-third place, West Eighty-fourth street, West Eighty-fourth place and West Eighty-fifth street, west of South Kedzie avenue, where the main sewer was to be laid. Each of the abandoned laterals was one-half mile long. The court found that the property of the engineering company would eventually be served by the main sewer when lateral sewers were constructed in the streets west of South Kedzie avenue and new assessments were made against each of its lots, the total amount assessed against the company in the re-cast roll being $3532.75, which amount was later reduced about one-half. The order directing that the roll be re-cast required that the new assessments should be made in red-ink figures on the face of the original assessment roll, and directed that when the new assessment was made, notice be given to the owners of the property re-assessed and that said owners be given a hearing on the re-cast roll. The assessment roll does not show an amount set opposite appellant's property in red ink, and the record does not show that he or his attorneys received any notice of the order changing the extent of the improvement and directing the assessment roll to be re-cast nor of the hearing on the confirmation of the re-cast roll. The re-cast assessment roll was confirmed, and the appellee filed its petition under section 84 of the Local Improvement act, asking that the final order be entered, finding that the improvement had been completed substantially in accordance with the original ordinance. November 24, 1920, this order was entered, and on December 22 appellee filed its petition for a supplemental assessment. Attached to this petition were the recommen-

dation and estimate of the board of local improvements and the ordinance passed by the city council. Appellant filed thirty-three objections to the confirmation of the supplemental assessment roll. These .objections were overruled and a judgment was entered confirming the roll, and appellant appealed. Thereafter appellant moved that the court vacate the judgment of confirmation in the original assessment proceeding and that it refer the assessment roll to the superintendent of special assessments to be re-cast as to his property. This motion was overruled and appellant appealed from this ruling. The appeals have been consolidated in this court.

Appellant contends that the improvement constructed by appellee is an improvement entirely different from the one described in the original ordinance, and that a supplemental assessment to pay a deficiency for the cost of the improvement as constructed cannot be maintained for the reason that there is no ordinance authorizing the improvement.

The authority to make local improvements by special assessment is statutory, and the statute must be followed strictly in order to give the courts jurisdiction to enforce the collection of the assessments. Payment of special assessments levied to pay for the construction of a local improvement cannot be enforced unless a valid ordinance has been passed which authorized the improvement. A legal and sufficient ordinance lies at the foundation of every valid assessment. Such ordinance must prescribe the nature, character, locality and description of the improvement to be made. (Harker's Stat. p. 763; *St. John* v. *City of East St. Louis,* 136 Ill. 207; *Pells* v. *People,* 159 id. 580; *City of Paxton* v. *Bogardus,* 201 id. 628.) If the improvement constructed is substantially different from the improvement authorized to be constructed by the ordinance property owners cannot be compelled to pay for the improvement by special assessment. (*City of East St. Louis* v. *Albrecht,* 150 Ill. 506; *Young* v. *People,* 196 id. 603; *Gage* v. *Peo-*

*ple*, 200 id. 432; *City of Chicago* v. *Nodeck*, 202 id. 257; *City of Chicago* v. *Ayers*, 212 id. 59; *Eustace* v. *People*, 213 id. 424; *People* v. *Lyon*, 218 id. 577; *City of Lincoln* v. *Harts*, 250 id. 273, and 256 id. 253.)    It appears from the record before us that the improvement for which the appellee seeks to levy this supplemental assessment is an improvement entirely different from the improvement described in the original ordinance.  Five lateral sewers, designed to serve a subdivision consisting of eighty acres of land lying west of South Kedzie avenue, have been abandoned by appellee.  The only way in which the original ordinance authorizing this improvement can be amended is by the passage of another valid ordinance.  (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439.)  It cannot be amended by an order of court.  (*American Hide and Leather Co.* v. *City of Chicago*, 203 Ill. 451.) The city council has not authorized the improvement that has been constructed, and there is nothing in this record to show that it would have authorized such an improvement. The improvement is a unit, and the property paying for the improvement by special assessment is entitled to the benefit of the entire improvement.  Appellant is asked in the supplemental proceeding to pay his proportionate share of the cost of an improvement which has not been authorized by the city council.  The court erred in overruling the objections filed by appellant to the confirmation of the supplemental assessment roll.

After the court had overruled appellant's objections to the confirmation of the supplemental assessment roll appellant moved to vacate the judgment of confirmation of the original assessment roll in so far as it affected his property and asked the court to refer the roll to the superintendent of special assessments to be re-cast as to his property. Among other grounds for this motion he urged that the order authorizing appellee to abandon a part of the improvement described in the original ordinance and directing the

assessment roll to be re-cast, and the order of confirmation of the re-cast assessment roll, were void in so far as these orders affected his property, for the reason that he had no notice of any of these proceedings.

Where an assessment roll is re-cast there must be a new trial and a new order of confirmation. (*McChesney* v. *City of Chicago,* 205 Ill. 528.) It is elementary that a judgment entered against a party or his property without his having had notice of the proceeding in which the judgment was entered and without his having had an opportunity to be heard cannot be enforced. Appellee contends that appellant has not shown conclusively that he had no notice of these proceedings and that he has not shown that the improvement as constructed is not fully as beneficial to him as the improvement prescribed by the original ordinance. The burden was not on appellant to show that he had not been notified of this proceeding. In order to justify the judgment against appellant's property appellee must show that the court entering the judgment had jurisdiction of appellant. Appellant was entitled to have the improvement prescribed by the ordinance authorizing the improvement constructed in conformity with the description contained in that ordinance, and if appellee desired to change the nature, character, locality or description of the improvement to be constructed he was entitled to a hearing with respect to the new improvement. While it may be true that the sewer as constructed will serve appellant's property as well as the sewer system prescribed by the ordinance, it may not be true that the system as constructed is as beneficial to appellant's property as the system for which his property was assessed. He is required to pay the same assessment for the improvement constructed, which is about five-sixths the size of the improvement planned, as he was required to pay for the entire improvement. Appellant has had no opportunity to be heard with respect to the improvement as changed, so far as this record shows, and the court erred

in refusing to set aside the order of confirmation in so far as it affected his property.

The judgment is reversed and the cause is remanded to the county court of Cook county.

*Reversed and remanded.*