(No. 937—Claim denied.)

INDIAN REFINING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

SPECIAL ASSESSMENT—*property of State not liable for.* The property of the State is not subject to taxation or special assessment for a local improvement.

SAME—*when claimant not entitled to refund for mistake in payment of.* Where a special assessment is extended against property by mistake and the assessment so levied is paid by one not the owner thereof, it is the duty of the municipal corporation to correct the mistake, and the State is under no obligation to refund the claimant the tax paid even though the property belongs to the State.

SAME—*when defense may be waived.* A judgment entered against a person or his property without his having notice of the proceedings in which the judgment is rendered cannot be enforced, but such defect can be waived, and a payment of moneys under such judgment is a voluntary payment and no legal liability arises for a recovery of the moneys paid.

McGAUGHEY, TOHILL & McGAUGHEY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is the owner of that portion of Blocks 7 and 8 in the city of Chicago bounded on the east by Western Avenue, on the west and north by the right of way of the Union Stock Yards and Transit Company Railroad Company and on the south by Illinois and Michigan canal property which is owned by the State. It is about 90 feet from the southeast corner of claimant's property to the canal. This strip of 90 feet is part of the canal tract and was formerly used for a towpath. There is a bridge over the canal where it intersects Western Avenue. In 1922 the city proposed to improve Western Avenue by the construction of a cement sidewalk along the west side of the avenue and across this 90 foot strip of canal land. To pay the cost of this improvement a special assessment was levied and, at the October term, 1922, of the county court of Cook county, was approved and confirmed. No assessment was levied or extended against the 90 foot strip but the cost of building the walk across that strip was levied and extended against the above property of claimant. Claimant had no knowledge of the proposed assessment and the confirmation

thereof until December 22, 1922, on which date it received a letter from the county treasurer informing it that if the assessment was not paid its property would be sold. On January 13, 1923, claimant paid the assessment amounting to $108.31. This suit is for the recovery of the sum so paid from the State. The above facts are all set forth in the declaration. The declaration also charges "that erroneously and by mistake the cost of constructing said cement sidewalk over and across said distance of ninety feet of the property of the State of Illinois was extended, assessed and confirmed against the property of claimant." The declaration further alleges that claimant paid the assessment "for the purpose of protecting its own interest and preventing the sale of its property and the accumulation of costs and expenses necessarily incident thereto", and "that upon the discovery of said mistake it applied to the proper authorities of the city of Chicago for a refund of said sum so erroneously assessed, extended and confirmed against its said property but that said authorities refused to make refund to claimant."

The Attorney General has filed no pleading to the declaration, but has filed a statement reciting he is not filing a statement, brief and argument but submits the claim for the consideration of the court.

No evidence has been taken in the case but there is filed with the declaration as an exhibit a copy of a check showing the payment of $108.31 by claimant on January 13, 1923, and also a copy of a receipt from the county treasurer showing payment of the assessment. That claimant paid the amount assessed against its property is not questioned. But there is also filed with the declaration as an exhibit a copy of a letter addressed to claimant by W. L. Sackett, Superintendent of Waterways, in which he says: "You are advised that the strip of land referred to is part of the towpath and reserved strip of the Illinois and Michigan canal being property of the State of Illinois and not subject to taxes or special assessments."

If the property is not subject to special assessments, then the city of Chicago had no power to levy a special assessment against it and claimant would acquire no right against the State by paying such assessment even though it was extended against claimant's property by mistake. All property belonging to the State is exempt from taxation. The Illinois and Michigan canal belongs to the State, and the city had no

power to assess any of the canal strip for street improvements.    (*Chicago* v. *Ridge Park Dist.*, 317 Ill. 123.)

It is alleged in the declaration that the cost of constructing the sidewalk was to be paid for by special assessments and that such assessments were levied and extended and afterwards confirmed by the county court.    It is well settled in Illinois that no property can be assessed for a local improvement unless such improvement will benefit the property, and the assessment can never exceed the benefits received. Property can only be assessed to pay the cost of an improvement which will benefit the property for the use to which it is devoted.    Where land is restricted to a special use the measure of benefits which it may receive from a local improvement is the increased value of the property for such special use, not its increased value for some probable future use.    (*Bensenville* v. *C. M. & St. P. Ry. Co.*, 316 Ill. 352.)    The strip of ground in question was formerly used for a towpath and its use was restricted to canal purposes.    It is difficult to see how it could have been benefited for those purposes by the construction of the sidewalk.    And unless its value for canal purposes would be increased by the construction of the walk, it could not be assessed even were it not exempt from such assessments.

Claimant charges the assessment was levied and extended against its property by mistake.    There is nothing in the record to sustain this allegation of the declaration.    The authorities of the city of Chicago are presumed to know the law and to perform their duties in accordance with it.    It will not be presumed that they intended to extend an illegal assessment against property of the State.    It appears that the sidewalk extends from the southeast corner of claimant's property to the bridge over the canal, and the city authorities may have determined that the construction of the walk would benefit claimant's property the amount assessed against it. If the assessment was extended against claimant's property by mistake, as claimant alleges, it was the duty of the city authorities to have the error corrected when their attention was called to it.    Their refusal to make any correction lends strength to the presumption no error was made.

Claimant alleges in its declaration that it had no notice of the levy and extension of the assessment against its property or of the hearing in court on the confirmation of the assessment, and that it did not learn thereof until December 22,

1922. If it be true that this assessment was made and confirmed without notice to claimant, it was void in so far as it affected claimant's property, and its collection could not be enforced. "It is elementary that a judgment entered against a party or his property without his having had notice of the proceedings in which the judgment was entered and without his having had an opportunity to be heard cannot be enforced." (*City of Chicago* v. *Jerome,* 301 Ill. 587.) Claimant avers in its declaration that it paid the assessment for the purpose of preventing costs and expense. Claimant had a right to waive the defect in the judgment and pay the amount assessed against its property in order to save expense if it saw fit to do so. Claimant's payment of this unenforceable judgment was voluntary and for its own benefit—to save it cost and expense—and does not give it any right to claim reimbursement from the State. Had claimant taken the proper course to protect its rights, it would neither have had to pay the assessment nor would its property have been sold. So far as this record shows the State was not a party to the assessment proceedings and had no knowledge thereof. If the city had made the State a party to the proceedings and had asked for an assessment against its property, the State could have defended on the ground that the property was not subject to assessment, or would not be benefited by the improvement, or that the assessment was greater than the benefits, or upon any ground it saw fit to urge. It is fundamental that every owner of property has a right to be heard before judgment is rendered against it. To hold that claimant can recover in this case is to deprive the State of this fundamental right. The claim is denied and the suit dismissed.