# The Village of Morgan Park

*v.*

## Thomas Gahan *et al.*

### *Filed at Ottawa March 30, 1891.*

| 136 | 5̄1̄5̄ |
| 151 | 457 |
| 155 | 393 |
| 136 | 5̄1̄5̄ |
| 176 | 328 |
| 136 | 515 |
| 190 | ¹280 |
| 136 | 515 |
| f98a | ⁵104 |
| 98a | ⁶104 |
| 136 | 5̄1̄5̄ |
| 198 | ⁴561 |

1. CONTRACT—*for local public improvement—pre-existing ordinance, whether a restriction upon the contract price.* Where municipal authorities accept a bid for the construction of a proposed local public improvement. the cost to be paid out of a special assessment on property benefited, and there is nothing in the proposition published by the municipality for bids, or in any of its ordinances, indicating that the contract price for the improvement is to be paid from funds raised by any particular assessment, and nothing to lead the bidder to suppose so, neither party will be confined to an assessment theretofore levied, out of which payment is to be made.

2. In such case, the fact that the assessment already made for the purpose of paying for the improvement may have been irregular, or even void, will not justify the bidder in refusing to carry out his contract with the municipality and enter into the contract required ; and if he fails or refuses to proceed further, he will forfeit any deposit he may have made with his bid, in pursuance of the published proposals for bids.

3. SAME—*additional assessments—to meet the terms of the contract.* Where the municipality has entered into a contract with one to make a certain local public improvement, to be paid for out of money to be collected by special assessment, and the work is completed by the con-tractor, if the assessment proves illegal, and therefore unavailing as a fund to pay the contract price, the municipal authorities will be bound to make another assessment, or any number of additional assessments, to raise money enough to pay the contract price. For this reason the supposed illegality of the first assessment is no excuse for the non-performance of the contract by the person to whom the work is let.

4. Sections 46, 47 and 48, of chapter 24, article 9, of the City and Village act, provide an adequate remedy for any one who shall have contracted with a city or village, to be paid out of a special assessment, in all cases where any assessment shall prove unavailing or insuffi-cient to meet the obligations of the city or village. Those sections of the statute expressly provide, that while one contracting with a city or village, and agreeing to be paid from special assessments, has no claim or lien upon such city or village except from the special assessment made for the work contracted for, the city or village is always bound to see that a valid assessment is made and collected.

5. ACTION—*money deposited upon a bidding—forfeiture.* Where a person accompanies his bid for the performance of certain public work for a village, with a deposit of a certain sum of money, under an understanding and agreement to forfeit the sum so deposited in case of his neglect or refusal to enter into a contract to do the work, and without any default on the part of the village he fails to execute the contract agreed to be made, he can not recover back the money so deposited, and the village may rightfully declare the same forfeited to its own use.

6. The rule that courts incline against forfeitures has no application to such a case, and the rule is never carried to the extent of relieving parties against the express terms of their own contract.

7. ORDINANCE—*under a repealed statute.* Where an ordinance is passed by a municipality under an enabling statute after the repeal of the statute, all that is done under such ordinance will be void, leaving the rights of the parties unaffected thereby.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

On the 9th day of June, 1887, appellant passed an ordinance providing for the laying of water-pipes in certain of its streets, to be paid for by special assessment on property benefited, made in accordance with sections 18 to 51, inclusive, of article 9, of the act concerning cities and villages. On that ordinance a petition, in the usual form, was filed in the county court of Cook county on the 30th day of June, 1887, for the levy of a special assessment to pay for said improvement, and in pursuance thereof an assessment roll was filed in said court July 1, 1887, and confirmed July 13, following. On the 2d of that month an ordinance had been passed providing that said special assessment should be paid in ten annual installments, and that each after the first should bear six per cent interest, and on January 6, 1888, in pursuance of that ordinance, a supplemental petition was filed, praying an order that payment of the assessment should be made accordingly, but the record fails to show that any action whatever was taken upon that petition by the court.

In October, 1887, the village board adopted an ordinance prescribing the manner in which all contracts for public improvements to be paid for in whole or in part by special assessment, should be made, which provided that bids on such contracts over $500 should be accompanied by a sum of money or a certified check amounting to a certain per cent of such bid, which should be forfeited to the village, and placed to the credit of the fund from which the improvement was to be paid for, if the bidder to whom the contract should be awarded failed or refused to execute a contract according to his bid. One of the sections of that ordinance required all such contracts to provide for payments thereon by special assessment only, in which case warrants might be drawn against the special assessment fund for the improvement contracted for, the village in no case to be liable for the payment of such warrants, or for the work or improvement, except from such fund, its liability to extend only to the payment of the money collected from the special assessment, which limited liability should also be expressed in the contract.

Prior to January 7, 1888, the village authorities caused to be published propositions for sealed proposals for the labor and materials to make said improvement, referring to specifications therefor in the office of C. McLennan, 161 La Salle street, Chicago, and stating, among other requirements of bidders, that "a sum of money or certified check, not less than five per cent of the bid, payable to the treasurer of the village, shall accompany the bid, subject to forfeit, as provided by the village ordinance." Also, that "the contracts will be made in accordance with the village ordinances, and all proposals must be made with reference thereto, and the board of trustees reserve the right to reject any and all bids. Payment will be made from special assessments only." In pursuance of this offer appellees sent in the following bid or proposal:

"TOWN OF LAKE, *January 7, 1888.*

"*To the President and Board of Trustees Village of Morgan Park:*

"GENTLEMEN—We hereby propose to furnish all labor and material necessary for the laying of the cast-iron pipes as per plans and specifications on file in the office of C. McLennan, superintendent of public works, for the sum of eighty-seven cents per lineal foot.

"Yours, respectfully,

GAHAN & BYRNE.

Thomas Byrne, Thomas Gahan.

"P. S. Enclosed you will find our check for $1100."

This bid was duly accepted by the village, and appellees requested to enter into a contract in conformity therewith, as provided in said ordinance of October, 1887, but they refused to do so, and thereupon the $1100 so deposited by them was declared forfeited. The work was then re-advertised, and let to another party. Appellees bring this action to recover the amount of their said certified check. At a trial, the Superior Court of Cook county (a jury being waived) rendered judgment for plaintiffs for the sum of $1100, together with costs of suit. This judgment having been affirmed by the Appellate Court, the village prosecutes this appeal.

Mr. G. W. NORTHRUP, Jr., and Mr. C. H. WILLETT, for the appellant:

Having voluntarily abandoned their contract, the appellees can not recover.

A party who has advanced money in part performance of an agreement, but refuses to proceed to the completion and execution of the contract, the other party having performed, or being ready to perform, everything agreed to be done on his part, can not recover back the money he has advanced. *Ketchum* v. *Evertson,* 13 Johns. 359; *Faxton* v. *Mansfield,* 2 Mass. 146; *Rounds* v. *Baxter,* 4 Greenlf. 454; *Clark* v. *School District,* 29 Vt. 217; *Larkin* v. *Buck,* 11 Ohio St. 561; *Han-*

*sell* v. *Erickson,* 28 Ill. 257; *Swanzey* v. *Moore,* 22 id. 63; *Ellis* v. *Hoskins,* 14 Johns. 361.

When a party obtains what he contracted for, he can not avoid his contract on the ground that what he received is valueless, unless he shows fraud, or a misapprehension in respect to the subject matter of the contract. *Fay's Admrs.* v. *Richards,* 21 Wend. 626; *Ellis* v. *Adderton,* 88 N. C. 472; *Ker* v. *Lucas,* 1 Allen, 280; *Fay* v. *Houghton,* 85 N. C. 168; *Carson* v. *Kelley,* 57 Texas, 380; *Hough* v. *Brooks,* 10 A. & E. 309; *Pollard* v. *Lyman,* 1 Day, 156.

The judgment of confirmation of a special assessment is conclusive as to all objections that could be raised upon such trial. Rev. Stat. chap. 24, art. 9, sec. 39; *Railway Co.* v. *People,* 120 Ill. 104; *Gage* v. *Parker,* 103 id. 528; *People* v. *Brislin,* 80 id. 423; *Lehmer* v. *People,* id. 601; *Prout* v. *People,* 83 id. 154; *Andrews* v. *People,* id. 529; *Cemetery Co.* v. *People,* 92 id. 619.

A judgment in a special assessment proceeding can not be attacked collaterally. Welty on Assessments, sec. 209; *Mayo* v. *Foley,* 40 Cal. 282.

Any irregularities which, in the absence of the 191st section of the Revenue act, might have affected the collectibility of the assessment, are absolutely cured by that section. *People* v. *Clayton,* 115 Ill. 154; *Edwards* v. *People,* 83 id. 340; *Railroad Co.* v. *Surrell,* 88 id. 535; *Trust Co.* v. *Weber,* 96 id. 346; *Sullivan* v. *State,* 66 id. 75.

Mr. ALBERT H. VEEDER, and Mr. MASON B. LOOMIS, for the appellees:

Appellees never having received any consideration, therefore a very clear case should be presented by the village in order to enable it to keep this money, for the law does not favor forfeitures, but refuses to enforce them whenever wrong or injustice will result therefrom; and before a forfeiture will be enforced, a clear case appealing to the principles of justice

must be established. *Voris* v. *Renshaw*, 49 Ill. 426; *Insurance Co.* v. *Walsh*, 54 id. 164.

The county court not having jurisdiction, the judgment of confirmation is not *res judicata*. *Schertz* v. *People*, 105 Ill. 27; *LeMoyne* v. *Park Comrs.* 116 id. 42; *Kedzie* v. *Park Comrs.* 114 id. 281; *Brown* v. *Chicago*, 117 id. 21; *Murphy* v. *People*, 120 id. 234.

The attempt to make the assessment payable in installments was not in compliance with the statute, and rendered the entire assessment void.

When money is paid under a misapprehension of facts, and is converted or used by the defendant, the law raises an implied promise to pay. (2 Greenleaf on Evidence, sec. 121; *Bradford* v. *City*, 25 Ill. 411.) Or on a false representation of facts. *Gas Light Co.* v. *Granger & Co.* 118 Ill. 266.

*Indebitatus assumpsit* is frequently brought to recover back a deposit, or money paid upon an agreement which the defendant omits or refuses to perform.

As a general rule, the action lies to recover a deposit paid on the purchase of an estate, if the title be defective. (1 Chitty's Pleading, *354.) It lies to recover money paid under a mistake of facts, or deposited upon an illegal wager, or an illegal contract not executed. Ibid. *351, note z.


Mr. Justice Wilkin delivered the opinion of the Court:

The validity of the ordinance authorizing the laying of said water-pipes, and providing that they should be paid for by special assessment, is not questioned; neither is it denied that in making proposals for bids on said improvement the village had a legal right to require a deposit with bids, to be forfeited on the conditions stated in the said published offer and the ordinance referred to therein. Appellees do not controvert the proposition that the offer by the village board, their bid, and the acceptance of such bid, constituted a *prima facie* valid

agreement, by which said sum of $1100 would be forfeited to the village on their refusal to enter into a contract in accordance with said bid and said ordinance, but they base their right of recovery upon the single ground, that at the time they bid there was no legal assessment existing out of which to pay for said work and material, and that they did not learn that fact until after their bid had been sent in. Gahan testified, at the trial, that his attorney advised him to have nothing to do with the assessment, "on the ground that it was not according to law," and says, "that was the reason we refused to enter into the contract." No attempt was made on their behalf to show that appellees objected to the regularity of any assessment made previous to their bid, or that the village authorities refused to make any and all necessary re-assessments, in order to secure them in full payment for all work and material which they might furnish in fulfillment of their bid. There is no pretense that the village authorities were at any time guilty of misconduct, fraud or concealment in dealing with appellees. In fact, so far as the proof goes, they had as much knowledge of the various steps taken by the village in levying the special assessment before they made their bid as afterward. All they claim is, that they afterwards learned such proceedings were "not according to law." There is nothing in the proposition published by the village, or in any of its ordinances, indicating that the contract price for the improvement would be paid from funds raised by any particular assessment, nor did appellees attempt to show that they were in any manner whatever led to suppose or understand so. It can not therefore be said that a particular assessment entered into the contract created by said offer, bid and acceptance.

The case, then, viewed in the most favorable light for appellees, resolves itself into the question, did the fact that an assessment, made previous to their bid was irregular or void, justify them in refusing to carry out their contract with the

village. This question waives all consideration of the right of the village to insist that it was the duty of bidders to use diligence to ascertain the validity of such assessment, and therefore it will not be necessary for us to pass upon the various objections urged against the regularity of the proceedings under which the assessment was levied.

. We entertain no doubt that, under the law, neither the village nor appellees were concluded by that assessment in entering into and carrying out the contract made by the parties, as above stated. It will scarcely be contended, that if appellees had entered into the contract and gone on with the improvement, and the assessment had proven so irregular as that it could not have been collected, appellees would thereby have been deprived of receiving compensation for their work according to the terms of their contract,—in other words, their conclusion, or that of their attorneys, as to whether an assessment was lawful or unlawful, would in no way bind them or the village. If, when they had completed the contract upon their part, the assessment proved illegal, and therefore unavailing as a fund to pay them the contract price for their work and material, the village board would have been bound to make another assessment, or any number of additional assessments, necessary to raise funds to pay for said improvement by special assessment, as provided in the ordinance authorizing it to be made.

Section 46, article 9, chapter 24, of the City and Village act, provides: "If any assessment shall be annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council or board of trustees, and court, shall perform like duties and have like power in relation to any subsequent assessment, as are hereby given in relation to the first assess-

ment." The next section also provides, that if the first assessment proves insufficient, a second may be made in the same manner, as nearly as may be, and so on until sufficient moneys shall have been realized to pay for such public improvement. And so the next section also provides, that in a certain contingency new assessments may be made at any time within five years after the confirmation of the original assessment. These various sections expressly provide an adequate remedy for any one who shall have contracted with a city or village to be paid out of a special assessment, in all cases wherein any assessments shall prove insufficient to meet the obligation of the city or village. They expressly provide, that while one contracting with a city or village, and agreeing to be paid from special assessments, has no claim or lien upon the city or village except from the special assessments made for the work contracted for, the city or village is always bound to see that a valid assessment is made and collected. There is neither reason nor authority for holding that a contract for a public improvement, to be paid for by a special assessment, can be lawfully abandoned by a contractor, if at any time he discovers an irregularity in the assessment made to pay for such improvement, and to lay down such a rule would be most dangerous, both to municipalities authorized to make such contracts, and to contractors.

It being admitted in this case that appellees made no request or demand upon the village board to make an additional assessment, if one was necessary, and there being no pretense that it refused to take any and all necessary steps to make available a special assessment levied on the property to be benefited by said improvement, to carry out to the letter a contract on its part entered into according to the terms of its ordinance, its offer and the bid of appellees, there is nothing in this record to show that it was in any way in default at the time appellees refused to enter into the contract; and having expressly con-

tracted that upon their refusal to make a contract according to their bid and the terms of said ordinance, the amount deposited by them should be forfeited to the village, we are unable to perceive upon what principle they can claim to recover it back.

The rule that courts incline against forfeitures has no application to this case. There is no question of construction here involved, and it is well settled that that rule will never be carried to the extent of relieving parties against the express terms of their own contract. *Brink* v. *Steadman et al.* 70 Ill. 243.

The tenth proposition asked by appellant announced a correct rule of law applicable to the facts of this case, and it was error to refuse it.

It may be remarked, that, on their own theory, appellees fail to show how they could have been injuriously affected by the attempt of the village board to have the assessment made payable by installments. If, as they contend, the act of 1874, under which that attempt was made, had been repealed prior to the passage of that ordinance, then all that was done under it was void, leaving the rights of all parties unaffected thereby. As before stated, this record fails to show that any action was had by the county court on the supplemental petition. For these additional reasons, therefore, the question of the repeal of the statute of 1874 is not involved in this case.

The judgments of the Appellate and Superior Courts are reversed, and the cause remanded to the latter court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*