J. D. CRAFT *et al.*

*v.*

D. H. KOCHERSPERGER, County Treasurer.

*Opinion filed June 18, 1898.*

173    617
188    414
173    617
212   ¹505

1. INJUNCTION—*fact that improvement does not conform to ordinance not ground for enjoining assessment.* The collection of a special assessment cannot be enjoined nor the sale for former installment set aside on the ground that the improvement does not conform to the ordinance and that a part of the same has not yet been completed.

2. SAME—*averment that confirmation judgment is void on its face not ground for enjoining a sale.* An averment that a confirmation judgment is void because not properly entitled is not ground for enjoining the sale of property for the assessment, as such sale would constitute no cloud, the invalidity of the judgment being apparent from an inspection of the record.

3. SAME—*effect of averment contradicting affidavit of posting notices.* In the absence of any showing of fraud or ground of equitable relief, equity will not enjoin the sale of property for a delinquent installment of a special assessment and set aside the sales for previous installments on the mere averment that the affidavit of posting notices was untrue, in that but one of the notices was posted in the neighborhood of the proposed improvement.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JAMES B. HEFFERNAN, (FRANCIS T. COLBY, of counsel,) for appellants:

Summary proceedings by which a man's property may be taken from him without his consent, and where there

is no personal service of process, must be strictly pursued. *Chicago* v. *Wright*, 32 Ill. 192.

That a party may contest the fact of service of process is settled in the case of *Owens* v. *Ranstead*, 22 Ill. 161, and has been sustained in subsequent cases. *Ogden* v. *Larrabee*, 57 Ill. 389; *Ballance* v. *Loomis*, 22 id. 82; *Bradford* v. *Abend*, 89 id. 78; *Hickey* v. *Stone*, 60 id. 458.

When proof of service is found in an affidavit made by a private person competent to make it, there is no question but it may be contradicted. 1 Freeman on Judgments, .(4th ed.) sec. 495; *Lapham* v. *Campbell*, 61 Cal. 296.

An officer's return that a copy of process was left at the residence of defendant may be contradicted by showing that the place where it was left was not his residence. Freeman on Judgments, sec. 495; *Bond* v. *Wilson*, 8 Kan. 228; *Austin* v. *Gray*, 19 id. 458; *Walker* v. *Lutz*, 14 Neb. 274.

CHARLES S. THORNTON, Corporation Counsel, and WILLIAM H. SEXTON, Assistant, for appellee:

A court of equity will not enjoin the collection of a tax unless the tax itself is void, or is levied without authority of law, or unless the property taxed is exempt from taxation. *Porter* v. *Railroad Co.* 76 Ill. 596; *McBride* v. *Chicago*, 22 id. 574; *Munson* v. *Minor*, id. 594; *Swinney* v. *Beard*, 71 id. 27; *Munson* v. *Miller*, 66 id. 383; *Railway Co.* v. *Frary*, 22 id. 34; *Ottawa* v. *Walker*, 21 id. 610; *Cook County* v. *Railroad Co.* 35 id. 465; *Nunda* v. *Chrystal Lake*, 79 id. 314; *Railroad Co.* v. *Hodges*, 113 id. 325.

Courts of equity will not restrain the collection of a special assessment because the improvement has not been made in accordance with the provisions of the ordinance under which the assessment is levied. *Ricketts* v. *Hyde Park*, 85 Ill. 110; *Haley* v. *Alton*, 152 id. 113; *Fisher* v. *People*, 157 id. 85; *People* v. *Green*, 158 id. 594; *Callister* v. *Kochersperger*, 168 id. 334.

A bill to restrain the collection of a special assessment will not lie because proper notice was not given,

when the record shows that due notice, as required by statute, has been given. *Ottawa* v. *Railroad Co.* 25 Ill. 31; *Peoria* v. *Kidder*, 26 id. 356; *Hertig* v. *People*, 159 id. 237; *Fisher* v. *People*, 157 id. 87; *Casey* v. *People*, 165 id. 49.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants filed their bill in the circuit court of Cook county, against the city of Chicago and the county collector of said county, appellees, to set aside and annul a judgment of the county court confirming a special assessment for curbing, filling and paving Bonney avenue, and also to set aside and annul judgments for the sale of their property as delinquent for installments of said special assessment, entered at the July term, 1895, and the July term, 1896, of said county court, and to enjoin the sale of said property under the judgments or on account of the assessment or any installment thereof, as well as any further proceedings in pursuance of said special assessment. The court sustained a general demurrer to the bill, dissolved a temporary injunction which had been granted and dismissed the bill at appellants' cost.

The bill does not show any equitable ground for relief against the judgments or any equitable reason why they should not be enforced. The alleged facts that the ordinance required the use of Trinidad asphaltum, obtained from Pitch lake, in the island of Trinidad; that the improvement was not made of that kind of asphalt, and was soft and uneven and poorly and unskillfully executed, and that the work was not yet completed, leaving two blocks between Sixteenth street and Douglas Park boulevard unimproved, are not grounds of equitable interference with the collection of the assessment. *Callister* v. *Kochersperger*, 168 Ill. 334.

It is averred that the judgment of confirmation is null and void because the record of the judgment is not properly entitled. If the judgment is void for that reason its

invalidity appears upon its face, and if it is void for any reason so appearing upon the face of the proceedings, any one inspecting the records would discover its invalidity and a sale under it would constitute no cloud. ' It does not appear that there was any want of notice of the applications for judgment of sale at the July term, 1895, for the second installment, or at the July term, 1896, for the third installment, and if appellants desired to set up that defense they had full opportunity to do so. A court of equity would have no right to interfere on the strength of that averment.

Appellants were not all owners of the several pieces of property at the time of the confirmation of the special assessment, but they allege that neither they nor the grantors of those who purchased after the confirmation had any actual notice of the proposed application for that judgment. The statute requires notice of the application to be posted in at least four public places in the city, two of which are to be in the neighborhood of the proposed improvement. The bill charges that four notices were posted, but that only one of the places was in fact in the neighborhood of the proposed improvement, although the affidavit filed in the proceeding stated that two of them were in the neighborhood of the improvement and gave the county court apparent jurisdiction to enter judgment confirming the assessment. If the bill contradicted the fact of four notices being posted, and came within the rule as to contradicting a return of service of process, it would still be necessary, on an appeal to a court of equity, to show some equitable ground why the judgment should not be enforced, and that is not done in this case. But the bill does not contradict the fact of the posting, but only the conclusion as to two of the places being in the neighborhood. The places where the notices were posted were particularly stated in the affidavit, and were in the city of Chicago, in which the improvement was to be made. There is no averment of fraud or of any ground of equita-

ble jurisdiction, but appellants simply want to open the question whether two of these places were in the neighborhood. The judgment of confirmation was entered July 14, 1893, and they do not deny that they knew of its entry before the improvement was made. So far as appears, they stood by and knew that they were receiving something on the faith of that judgment which they now object to and decline to pay for.

There is no equity in the bill, and the decree must be affirmed.

*Decree affirmed.*