## JOHN A. MARKLEY

*v.*

## THE CITY OF CHICAGO.

*Opinion filed April 18, 1901—Rehearing denied June 5, 1901.*

1. SPECIAL ASSESSMENTS—*when a party cannot complain that court had no jurisdiction to set aside assessment.* If a confirmation judgment is reversed and the cause remanded for further proceedings, a new assessment may be levied under section 46 of article 9 of the City and Village act, where the defect which caused the first assessment to be erroneous may be remedied, and the improvement has been completed under an ordinance which is not a nullity; and in such case the party who obtained the reversal cannot object that the county court had no jurisdiction to set aside the first assessment because many terms had passed since the first judgment was rendered, since, as to him, there is no final confirmation judgment.

2. SAME—*when new assessment must be levied.* If a judgment of confirmation is·reversed because the estimate of cost was not made by the persons named in the ordinance, it is not only the right, but the duty, of the city to cause a new assessment to be levied, where the improvement has been completed by the contractor under an ordinance providing that he shall be paid by special assessment.

3. SAME—*supplemental ordinance need not give detailed description of completed improvement.* If a confirmation judgment is reversed for reasons not going to the sufficiency of description contained in the ordinance it is not necessary that a supplemental ordinance to levy a new assessment shall repeat the specifications of the improvement contained in the first ordinance, where the improvement has been completed and has been accepted by the city.

4. SAME—*when levying of a new assessment is governed by the old law.* Under section 99 of the Improvement act of 1897, if, at the time of the passage of the act, an appeal was pending in the Supreme Court, which resulted in the reversal of a confirmation judgment because the estimate was not made by the persons named, the levying of a new assessment to pay for the completed improvement is governed by the applicable provisions of article 9 of the City and Village act as they stood prior to the act of 1897.

5. SAME—*when ordinance sufficiently describes size of curb-stones.* A special assessment ordinance sufficiently describes the size of the curb-stones which provides that they shall not be less than four feet long, three feet deep and five inches in thickness.

6. SAME—*when objection that ordinance does not describe "flat stones" is untenable.* If a confirmation judgment has been reversed because

the estimate was not made by the persons named in the ordinance, it is not a fatal objection to the confirmation of a new assessment that the original ordinance did not specify the kind and size of the "flat stones" upon which the curb is to be bedded, where the improvement has been completed and has been accepted by the city.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

GARDNER & BURNS, (WILLIAM J. DONLIN, of counsel,) for appellant.

WALTER F. FISHER, (CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 22, 1897, we reversed a judgment of the county court of Cook county in favor of appellee, confirming a special assessment upon the property of appellant for curbing, grading and paving Calumet avenue from Fifty-first street to Fifty-fifth street, in the city of Chicago, because the estimate of the cost of said proposed improvement was not made by the same persons named in the ordinance as commissioners, and we thereupon remanded the cause to said court for such other and further proceedings as to law and justice should appertain. On February 5, 1898, appellant, after due notice to appellee, filed in said court our mandate reversing said judgment and remanding said cause. On November 20, 1899, the city council of appellee passed a supplemental ordinance reciting the passage of the original ordinance for the improvement, and setting out that the commissioners who were appointed by said ordinance did not make the assessment; that proceedings were commenced for the levy of an assessment, which was levied and confirmed; that a contract for the improvement was let and the improve-

ment was made and completed in all respects in accordance with the ordinance, and the work was accepted by appellee and vouchers issued to pay for the same, and that the assessment was set aside and the judgment confirming the same reversed as to certain parties by this court, for the reason that the estimate was not made according to law. The supplemental ordinance then provided that a new assessment for the cost of the improvement and the making and levying of the new assessment, but not including the cost of making and levying the former assessment, should be levied; that each lot assessed in said original proceeding should be credited with any payments made on the previous assessment; that the new assessment should be payable in one installment, and that three persons therein named as commissioners should make an estimate of the cost of the improvement as completed and the cost of making and levying the new assessment. The commissioners so appointed reported that they investigated the improvement as actually made and completed, and the cost of making the same, and they reported an estimate thereof, with the cost of making and levying the new assessment. This report was approved, and the corporation counsel was ordered to file a supplemental petition in the county court for the new assessment. The supplemental petition was filed, setting out all the facts and the previous proceedings, together with the supplemental ordinance, estimate and order of approval, and on December 18, 1899, the court entered an order that the former assessment be annulled and set aside and three persons were appointed to make a new assessment. Appellant appeared and objected to the assessment. On the question of benefits a jury was waived and the cause submitted to the court, and appellant offered no evidence on that question. His objections were overruled and judgment of confirmation was entered, from which he prosecuted this appeal.

The first objection argued by appellant is, that the order of the county court setting aside the first assessment is without jurisdiction, and void, because it was made many terms after the judgment was entered. The appellant brought that judgment confirming the first assessment to this court for review, and we reversed it as to his property on errors assigned by him. The mandate of this court had been filed by him in the county court, and so far as he was concerned the judgment was already reversed and set aside. There was no final judgment of confirmation as to his property, and he is not concerned with the assessment as to the property of others who are not complaining of the judgment. Both the supplemental ordinance and the petition recite that we had reversed the judgment as to the property of appellant and others upon writ of error. . Appellant relies upon the decision in *McChesney* v. *City of Chicago*, 161 Ill. 110. That was an attempt to abandon a valid assessment after a judgment, which had been affirmed by this court upon appeal, and to substitute another assessment for the same or substantially the same improvement. We said that section 46 of article 9 of the City and Village act, providing for a new assessment where a former one has been annulled by the city council or board of trustees or set aside by any court, could not be applied to that judgment. In this case we reversed the judgment of confirmation and remanded the cause to the county court for further proceedings. By the reversal the proceeding was brought within the provision of the statute. In such a case, if an improvement has been completed under an ordinance providing that the improvement shall be made and that it shall be paid for by special assessment, a new assessment may be made to pay for the improvement completed under the former ordinance. If the ordinance under which the improvement was made is not a nullity and the defect which caused the first assessment to be erro-

neous can be remedied or amended, the new assessment may be levied. (*City of East St. Louis* v. *Albrecht*, 150 Ill. 506; *Freeport Street Railway Co.* v. *City of Freeport*, 151 id. 451; *West Chicago Park Comrs.* v. *Farber*, 171 id. 146; *Murray* v. *City of Chicago*, 175 id. 340.) The judgment against the property of appellant was reversed because the persons named in the ordinance did not in fact make the estimate. That was a defect which could be remedied by the appointment of new commissioners and an estimate by them. Not only was appellee authorized to make the new assessment, but, the work having been completed by a contractor under the ordinance providing that he should be paid by special assessment, the appellee was bound to make a new assessment to pay for the improvement. (*Village of Morgan Park* v. *Gahan*, 136 Ill. 515; *Foster* v. *City of Alton*, 173 id. 587.) Appellee could be compelled to take the necessary steps to remedy the defect and to cause such an assessment to be levied. *People* v. *City of Pontiac*, 185 Ill. 437.

Appellant's next point is, that the supplemental ordinance does not specify the nature, character, locality and description of the improvement. It recites that the improvement has been made and completed in accordance with the original ordinance, but does not repeat the description. The first assessment did not fail on account of a defective specification of the nature, character, locality or description of the improvement. So far as any thing was decided about the ordinance it did not require amendment in matter of description, but it was a valid ordinance in full force, authorizing the improvement to be made, and the judgment was reversed for want of a legal estimate under it. The improvement was made and accepted by appellee as in accordance with the ordinance, and it was unnecessary that the specifications should be repeated in the new ordinance. It is true that an assessment cannot be levied for work done when there was no ordinance authorizing the improvement, as in

the case of *City of Carlyle* v. *County of Clinton*, 140 Ill. 512, where the city made an improvement without passing any ordinance, and, after it had been completed, passed an ordinance to pay for it by special assessment. But here there was an ordinance providing for the improvement before it was made.

It is next claimed that the new assessment as levied and confirmed is not authorized by statute because the proceeding is controlled by the act of 1897, concerning local improvements, and, consequently, there should have been a recommendation of the ordinance by the board of local improvements, an estimate of the cost by the city engineer, notices and a public hearing under that act. Section 99 of the act of 1897 provides that the laws subsisting at the passage of the act shall continue to apply to proceedings pending in any court in this State when the act took effect. This case falls within that provision. The proceeding was pending here on appellant's writ of error when the act took effect, and after the reversal and filing of the mandate it was pending in the county court for such further proceedings as were authorized by law. The proceeding for the new assessment is authorized and governed by section 46 of article 9 of the City and Village act, providing for a new assessment where any assessment has been annulled by the city council or board of trustees or set aside by any court, as said section existed at the time the law of 1897 took effect.

Appellant also seeks to raise objections to the original ordinance in matters of description of the improvement which was then in contemplation, but which has since been completed and accepted by appellee as in compliance with the ordinance. The first of these objections is, that the length, depth and thickness of the curb-stones are left to the determination of the superintendent, and that the specification is not sufficient. The provision is, that the curb-stones shall not be less than four feet long, three feet deep and five inches in thick-

ness.  The minimum size which the contractor must furnish is fixed and nothing is left to the superintendent in that respect, but the contractor might, of course, furnish longer, deeper and thicker stones if he saw fit.  The description is sufficient for the purpose of both the estimate and the contract.  The other objection is, that the curbstones are to be firmly embedded upon flat stones, the size, quality and kind of which are not given.  Where the work has not been done when the assessment is levied, such assessment must be based upon an estimate, and it is essential to the protection of the property owner that such estimate should be, as near as possible, what the actual cost will be.  The purpose of the requirement that the ordinance shall specify the nature, character, locality and description of the improvement, as we have often said, is to enable commissioners to make an intelligent estimate of the cost.  In such cases we have enforced that provision strictly for the protection of the property owner, and have required much particularity in the description, to the end that property owners shall not be called upon to pay the amount of an estimate based on loose and uncertain description.  We have held in a number of cases that the failure to specify the size and kind of flat stones to be used in a proposed new improvement is sufficient to defeat a confirmation.  In such a case, the failure of a complete specification renders it uncertain what kind or size of stones has been estimated or what kind or size will be actually furnished in making the improvement.  In this case we did not hold the ordinance insufficient, and our judgment of reversal did not relieve appellant or his property from paying his share of the cost of improvement to the extent that his property was benefited.  There may be cases where it is essential that the original ordinance should be amended in matters of description, even after the work is completed; but if that is so as to some important and material part of the improvement, we do not see how it would benefit appellant

to have these stones now particularly described by way of amendment. The improvement has actually been made and the exact kind and size of the flat stones have been determined by the improvement actually in place. It would not tend to the protection of appellant or any other property owner by requiring the amendment of the original ordinance in a minor matter of detail, such as setting out the kind or size of the flat stones. The only defect for which the judgment was reversed was remedied by the supplemental ordinance and the estimate made under it.

The court did not err in confirming the new assessment, and the judgment is affirmed.

*Judgment affirmed.*