## The City of Chicago

*v.*

## F. L. Sherman *et al.*

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. SPECIAL ASSESSMENTS—*what not a bar to supplemental petition for new assessment.* A supplemental petition by a city for a new assessment, under sections 57 and, 58 of the Local Improvement act, to pay for completed work, is not barred by the fact that a judgment of confirmation against the property for the improvement was annulled by the Supreme Court for defective description of the improvement in the ordinance.

2. SAME—*when ordinance for new assessment for completed work is sufficient.* Failure of an ordinance for a new assessment for completed work to describe the improvement in detail or correct defects in matters of description contained in the original ordinance does not defeat the new assessment, where the city has accepted the completed improvement as satisfactory.

3. SAME—*improper construction of improvement is not ground for defeating assessment.* A special assessment cannot be defeated upon the ground that the improvement was poorly or improperly constructed, unless the departure is such as to make the improvement substantially a different one from that provided for in the ordinance.

4. SAME—*when departure from ordinance does not defeat new assessment.* Constructing a combined curb and gutter of five inches in thickness instead of six and using a small portion of crushed limestone of larger size than is specified in the ordinance is not such a departure as will defeat a new assessment for the completed improvement accepted by the city, where the objectors made no complaint during the progress of the work and no effort to enforce compliance with the ordinance.

APPEAL from the County Court of Cook county; the Hon. F. M. SHONKWILER, Judge, presiding.

January 6, 1896, the city council of the city of Chicago passed an ordinance for the improvement, by special assessment, of Hamlin avenue from West Chicago avenue to West North avenue, in said city. The ordinance, as to the property of appellees, in *Lingle* v. *City of Chicago,* 178 Ill. 628, was held invalid, on the ground the ordinance failed to state the height of the curb required to be constructed on each side of the street, and the cause was reversed and remanded. Upon the re-instatement of the case in the county court the city sought, upon a second trial, to obviate said objection by proving that the descriptive terms used in the ordinance with reference to the curb had a precise, well known and established meaning in the paving and curbing of streets in said city, and that the height of the curb was included in the description of the curb contained in the ordinance. The court held the evidence produced was insufficient to cure the defect appearing upon the face of the ordinance, and the objection that the ordinance failed to state the height of the curb was sustained and the petition dismissed as to the appellees, and the city prosecuted an appeal to this court, where the judgment of the county court was affirmed. (*City of Chicago* v. *Sherman,* 192 Ill. 576.) The improvement having been com-

pleted, improvement bonds issued, and there being a deficiency in consequence of the non-payment of a portion of the assessment by reason of the ordinance having been set aside and annulled by the decision of this court, the city on March 24, 1902, filed a supplemental petition for a new assessment to pay the unpaid balance of the cost of the construction of said improvement, pursuant to sections 57 and 58 of the Local Improvement act of 1897, as amended in 1901. The appellees entered a special appearance and made a motion to dismiss the petition, on the ground that the county court had no jurisdiction of the subject matter involved, as the matters involved in said petition had been fully and finally determined by the decision of the county court and this court, and were *res judicata.* The court overruled the motion, whereupon voluminous objections were filed by the appellees to the confirmation of said new assessment. A large amount of evidence was heard by the court on behalf of the respective parties, and in passing upon the questions involved the court made the following finding of facts:

"*First*—That the court has, by publication and mailing of notices in accordance with the statute, and by the appearance of the objectors, obtained jurisdiction of the parties to this proceeding, and that it has jurisdiction of the subject matter herein involved.

"*Second*—That as to said objectors the original judgment of confirmation of the special assessment formerly made herein has been annulled by the Supreme Court of Illinois, for the reason that the original improvement ordinance was held to be insufficient for the purpose of such an assessment; that the said cause was re-tried upon remandment by the Supreme Court, and the objections of the appellees were sustained and the petition dismissed, and said judgment was thereafter affirmed by the Supreme Court of the State of Illinois.

"*Third*—That a new or special ordinance has been passed providing for the making of the new assessment, a certified

copy of which said last mentioned ordinance is attached to the supplemental petition filed herein.

"*Fourth*—That the improvement described in said prior ordinance and in said new or special ordinance for said new assessment has notwithstanding the defects in said ordinance, been actually constructed and done in good faith on the contract duly let and executed pursuant to said original ordinance, which said original ordinance provided that such improvement be paid for by special assessment, and that the said improvement was accepted by the proper officials of the municipality, the city of Chicago.

"*Fifth*—The court finds that the new or supplemental ordinance is valid, notwithstanding the fact that the said ordinance failed to correct the errors of the original ordinance in describing the nature, character, locality and description of the improvement.

"*Sixth*—That the original ordinance provided that the combined curb and gutter should be six inches in thickness throughout, and that the combined curb and gutter as actually constructed on said street was only five inches in thickness.

"*Seventh*—That the original ordinance in this case provided that upon the roadway described in the ordinance 'shall be spread a layer of the best quality of broken limestone, said limestone to be crushed to a size so as to pass through a ring of three inches internal diameter,' and that the said improvement as actually constructed contained a number of stones which would not pass through a ring of three inches internal diameter."

The court entered judgment in favor of the appellees and dismissed the petition on the ground the said improvement was not constructed in accordance with the terms and provisions of the original ordinance, in this: that the original ordinance provided for a combined curb and gutter six inches in thickness throughout, and upon the roadway there should be spread a layer of the best quality of broken limestone to

be crushed to a size so as to pass through a ring of three inches internal diameter, while as actually constructed the combined curb and gutter were only five inches in thickness and the layer of limestone contained stones which were not crushed to a size which would pass through a ring of three inches internal diameter, and the city has brought the record to this court for review by appeal, and errors and cross-errors have been assigned.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellant.

GEORGE W. WILBUR, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The first cross-error assigned is, that the county court erred in overruling the motion to dismiss the petition. We do not agree with such contention. The record in *Gorton* v. *City of Chicago,* 201 Ill. 534, is the same as the record in this case so far as it applies to the original assessment, with the exception that when the confirmation judgment was reversed and remanded and the cause re-instated in the county court, no attempt was made to review in this court the action of the county court in dismissing the petition. The judgment of this court in the *Sherman case* added no force to the judgment of the county court, it being simply an affirmance of the judgment of that court. If a supplemental petition could be properly filed in the *Gorton case,* we can see no reason why this petition was not properly filed. To the same effect is the case of *City of Chicago* v. *Hulbert,* 205 Ill. 346. We regard the question settled by those cases, and it need not here be further considered.

It is also assigned as cross-error that the county court erred in holding the supplemental ordinance valid, notwithstanding said ordinance failed to correct the errors of the

original ordinance in describing the nature, character, locality and description of the improvement. The evidence shows, and the county court found, that the ordinance provided the improvement should be paid for by special assessment; that the improvement had been constructed in good faith under a contract let by the city, and that said improvement had been accepted by the city before the new ordinance was passed. In the *Hulbert case* it was held the fact that the ordinance for a new assessment for completed work does not cure defects as to matters of description of the improvement contained in the original ordinance will not defeat the new assessment when the city has accepted the work as satisfactory; that in such case the new ordinance need not describe the work in detail. To the same effect is *Markley* v. *City of Chicago,* 190 Ill. 276.

It is further assigned as cross-error that the court erred in finding that the improvement was actually constructed in good faith, for the reason that the evidence shows said improvement was poorly and improperly constructed. In view of the holding of this court in *People* v. *Whidden,* 191 Ill. 374, and other cases, it cannot be successfully contended that a special assessment can be defeated on the ground that the improvement was poorly or improperly constructed unless the evidence shows there was such a departure as to make the improvement constructed a different improvement from that provided for by the original ordinance. The evidence in this record shows that at the time of the trial the improvement had been in use six years and that it was then in a fair condition, and we are forced to the conclusion, from what the witnesses stated upon that subject, that it was a good improvement of its kind when completed, and that the new assessment should be confirmed unless the use of a combined curb and gutter five inches thick instead of six inches thick, or a small per cent of foundation filling composed of crushed limestone four instead of three inches in size, will now defeat the assessment on the ground they were such

changes as to make the improvement a new or different improvement from that described in the original ordinance,—which brings us to a consideration of the assignment of error of appellant that the county court erred in sustaining the objection that the improvement as actually constructed was not the improvement provided for in the original ordinance.

The evidence fairly tends to show that for all practical purposes a five-inch curb and gutter are as valuable as a six-inch one, and that the difference in size of the small proportion of the limestone used which was four instead of three inches in size, if properly placed in the foundation, would not affect the value of the improvement. The property owners who are objecting made no objection to the manner of construction when the improvement was in the course of construction, and the city, under whose inspection the improvement was constructed, accepted it upon completion and issued improvement bonds therefor. In the *Hulbert case* it was held that the fact that a five-ton instead of a ten-ton roller was used upon the improvement would not defeat a new assessment; and in *Ricketts* v. *Village of Hyde Park,* 85 Ill. 110, one of the objections urged was that the hydrants used were not such as were required by the ordinance. The ordinance called for Holly hydrants, but Cregier hydrants were used. The evidence showed that the Cregier hydrants cost slightly more than the Holly hydrants but were greatly superior in point of utility. The court, on page 113, say: "The objection, if tenable, should have been brought forward by bill for injunction before the work was completed. It is not admissible now, when the work has been completed in that way without objection on the part of appellant." In *Haley* v. *City of Alton,* 152 Ill. 113, it was said (p. 118:) "It is also contended that the county court erred because it would not permit objectors to prove that the improvement had not been made as required by the ordinance. The law provides how the contracts shall be let, the manner of payment and who shall be the judge as to whether the

contract is complied with.    In this case the work had been accepted by the city council.    Who shall be the judge of whether the contract is complied with?    Certainly not each individual property owner, because to so hold would not only be a violent construction of the statute, but render the making of all local improvements impracticable.    The law has invested the city authorities with that power, and unless there is a fraudulent abuse of it their action is conclusive upon the property owners, and if their action is to be reviewed for fraud it must be done by bill in equity." And in *Craft* v. *Kochersperger,* 173 Ill. 617, the court, on page 619, said: "The bill does not show any equitable ground for relief against the judgments or any equitable reason why they should not be enforced.    The alleged facts that the ordinance required the use of Trinidad asphaltum, obtained from Pitch lake, in the island of Trinidad; that the improvement was not made of that kind of asphalt, and was soft and uneven and poorly and unskillfully executed, and that the work was not yet completed, leaving two blocks between Sixteenth street and Douglas Park boulevard unimproved, are not grounds of equitable interference with the collection of the assessment."

In *People ex rel.* v. *Church,* 192 Ill. 302, it was held, in the construction of local improvements every variation from a literal compliance with the terms of the ordinance will not avoid the assessment.

In the *Hulbert case,* on page 357, it was held, to authorize an ordinance for a new assessment under the statute now in force, it must appear "(*a*) that the work was done in good faith by contract duly let and executed pursuant to an ordinance providing that such improvement should be paid for by special assessment; (*b*) that the prior ordinance shall be held insufficient for the purpose of such assessment, or otherwise defective, so that the collection of the assessment therein provided for becomes impossible; (*c*) that the original assessment be set aside by some court; (*d*) that a new

or special ordinance be passed providing for such new assessment; (*e*) that a new assessment be made and returned and like notice given and proceedings had as are required in relation to the first ordinance and assessment, except that the same need not be originated or presented by the board of local improvements." The record shows this supplemental assessment proceeding fulfills all of these conditions, and we are of the opinion it should have been confirmed.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*