## Maurice E. Case v. City of Sullivan et al.

1. IMPROVEMENT BONDS—*what essential to contractor's right to.* Where a local improvement has been made for which an assessment has been spread, payable in instalments, before the contractor is entitled to his full pay in the final bonds of the municipality, it must appear that the County Court has found pursuant to statute that the improvement in question has been completed in accordance with the ordinance providing therefor.

*Mandamus* proceeding. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed February 1, 1906.

JOHN R. EDEN and JACK, IRWIN, JACK & DANFORTH, for appellant.

JOHN E. JENNINGS and HARBAUGH & THOMPSON, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant, Maurice E. Case, filed his petition for *mandamus* in the Circuit Court of Moultrie county, against appellees, the city of Sullivan, the mayor and city clerk, to compel the issuance and delivery to appellant of certain improvement bonds, pursuant to a contract for the construction of a local improvement between appellant and said city.

The material allegations of the petition are, in substance, as follows: That the city of Sullivan on July 18, 1904, adopted an ordinance providing for the improvement of a part of Harrison street, Worth street and Jackson street, in said city, by curbing and paving the same with brick upon a concrete foundation; that the improvement was a local improvement, and that the entire cost thereof should be paid by special assessment upon the lots, blocks, tracts and parcels of land specially benefited thereby; that the assessment to cover the cost of said improvement should be divided into ten instalments, equal in amount and multiples of $100, except that all fractional amounts should be added to the first instalment; that said instalments should become due and payable annually, and that all instalments should bear interest at the rate of five per cent., beginning with the date of the issuance of the first voucher on account of work done, as ascertained and certified by the board of local improvements of said city; that bonds should be issued by said city to the contractor in payment for the work, payable out of the several instalments of said assessment, as provided by law, bearing interest at the rate of five per cent., payable annually, and signed by the mayor and city clerk of the city of Sullivan at the time of the issuance of such bonds; that after the passage of said ordinance, and pursuant to the terms thereof, a petition was filed in the County Court of said Moultrie county and an assessment spread and levied upon all of the lots, blocks, tracts and parcels of lands abutting upon the line of said improvement amounting to the entire estimated cost thereof; that the board of local improvements of said city thereafter advertised for bids for the construction of said improvement in the manner provided by law, and that, pursuant thereto, the appellant was the lowest responsible bidder therefor, and a contract was awarded to him for the construction of the same; that appellant, pursuant to said contract, constructed said improvement and completed the same within the time and in the manner specified in said contract with said city; that said improvement was constructed

under the supervision, direction and inspection of the board
of local improvements of the said city of Sullivan, and to
its entire satisfaction, as required by law.

The petition further alleges, that, on December 29, 1904,
the board of local improvements formally approved and
accepted the work of the construction of said improvement
by a resolution duly entered upon the records of the pro-
ceedings of said board, and estimated the amount due to
appellant to be the sum of $37,343.77; that on November
11, 1904, upon an estimate made and approved by the said
board of local improvements, said city issued to appellant
the first voucher in the sum of $10,000 on account of the
work performed to that date on said improvement, less ten
per cent. reserved until the completion of the work.

The petition further alleges the levy of the said special
assessment to pay for said improvement, the letting of the
contract, the construction of said improvement under the
supervision, direction and inspection of the board of local
improvements of said city and to its entire satisfaction, and
the final acceptance and approval of the work and improve-
ment by the said board of local improvements; that after
the completion of said improvement, its final acceptance
and approval by the said board of local improvements, and
the determination of the amount due to appellant for the
construction of the same by the said board of local im-
provements of said city, on or about January 1, 1905, ap-
pellant applied to and demanded of the said city of Sulli-
van, its mayor and city clerk, that they issue and deliver
to him bonds payable out of the special assessment so made
and levied to pay for the same, to the amount so due to
him, pursuant to his said contract, as provided by law;
that said city of Sullivan, its mayor and city clerk, refuse
so to do, as required by said ordinance and contract.

To this petition the city of Sullivan demurred upon the
ground, that it failed to show an order or finding of the
court in which the assessment was confirmed, that said
improvement substantially conformed to the original ordi-
nance under which said improvement was constructed, as

required by section 84 of an act of the General Assembly entitled, "An Act concerning Local Improvements," as amended by an act approved May 14,1903. The court sustained the demurrer, and appellant abiding his petition, judgment was rendered against him in bar of the action and for costs.

By section 83 of the Local Improvement Act, so far as it is here pertinent, it is provided: "The work to be done pursuant to such contracts must, in all cases, be done under the direction and to the satisfaction of the board of local improvements, and all contracts made therefor must contain a provision to that effect, and also express notice that in no case, except as otherwise provided in the ordinance, or the judgment of the court, will said board, or municipality, except as herein otherwise provided, or any officer thereof, be liable for any portion of the expenses, nor for any delinquency of persons or property assessed.

" The acceptance by the said board of any improvement shall be conclusive in the proceeding to make said assessment, and in all proceedings to collect the same, or instalments thereof, on all persons and property assessed therefor, that the work has been performed substantially according to the requirements of the ordinance therefor, but if any property owner be injured by any failure so to construct such improvement, or suffer any pecuniary loss thereby, he may recover the amount of such injury in an action on the case against the municipality making said improvement: Provided, however, that such action be commenced within one year from the date of the acceptance of the work by the board of local improvements."

Section 84 of the same act as originally enacted, provided the means by which the property owners might have the amount of their assessments abated in the event that the total cost of the improvement was less than the total assessment therefor. By the amendment to section 84, approved May 14, 1903, it was further provided, as follows:

" In every assessment proceeding in which the assessment shall be divided into instalments, it shall also be the duty of

the board of local improvements to state in said certificate
whether or not the said improvement conforms substanti-
ally to the requirements of the original ordinance, for the
construction of the improvement, and to make an applica-
tion to said court to consider and determine whether or not
the facts stated in said certificate are true; and thereupon
the court shall upon such application fix a time and place
for hearing upon the said petition, and shall enter the same
of record, such time to be not less than fifteen (15) days
after the filing of said certificate and application. Public
notice shall be given of the time and place fixed for such
hearing by posting and publishing in a newspaper in the
said manner and for the same period as provided in this
act for publishing notice of application for the confirma-
tion of the original assessment, the posting and publishing
of such notice to be not less than fifteen (15) days before
the day fixed by such order for such hearing. At the time
and place fixed by such notice, or at any time thereafter, the
court shall proceed to hear said application and any objec-
tions which may be filed thereto within the time fixed in such
order, and upon such hearing the said certificate of the
board of local improvements shall be *prima facie* evidence
that the matters and things therein stated are true, but if
any part thereof are controverted by objections duly filed
upon said petition the court shall hear and determine the
same in a summary manner and shall enter an order accord-
ing to the fact. Such order of the court shall be conclusive
upon all of the parties and no appeal therefrom or writ of
error thereto shall be allowed to review or reverse the
same. If, upon such hearing, the court shall find against
the allegations of the said certificate, it shall enter an
order accordingly, but it shall then be the duty of the said
board of local improvements to procure the completion
of the said improvement in substantial accordance with the
said ordinance, and said board may, from time to time, file
additional or supplemental applications or petitions in re-
spect thereto until the court shall be eventually satisfied
that the allegations of such certificates or petitions are
true and that said improvement is constructed in substan-
tial accordance with the said ordinance. If, before the
entry of such order upon such certificate there shall have
been issued to the contractor in the progress of any such
work any bonds to apply upon the contract price thereof,
said contractor or the then owner or holder of such bonds
shall be entitled to receive in lieu thereof new bonds of

equivalent amount, dated and issued after the entry of such order."

Prior to the amendment of section 84, the statute, in effect, so provided, and it was uniformly held in this state that if the improvement is the one provided for in the ordinance, and it has been completed and accepted by the city authorities invested with the power to determine whether the contract has been complied with, the objection that it was not completed in compliance with the terms of the ordinance, is not available; that in the absence of fraud, the action of the city authorities in accepting a local improvement as having been completed in compliance with the terms of the ordinance and contract is final and conclusive. The People v. Whidden, 191 Ill. 374; City of Chicago v. Sherman, 212 Ill. 498.

On behalf of appellant, it is insisted that the amendment to section 84, above set forth, does not expressly, or by implication, repeal or modify the provisions of section 83; that the two sections can remain in full force without the least conflict or friction; that upon the completion and acceptance of the improvement by the board of local improvements appellant is entitled to the full contract price therefor.

Appellees contend that by the said amendment to section 84, when the assessment is divided into instalments, as in the case at bar, the court in which the assessment is confirmed is made the final arbiter to determine, in a summary manner, whether the improvement has been completed in substantial compliance with the provisions of the ordinance authorizing the same, and that the filing of the certificate by the board of local improvements, as therein provided, and an adjudication thereon by the court, finding that the improvement has been completed in substantial compliance with the ordinance, are conditions precedent to the issuance and delivery to the contractor of the bonds in payment for such improvement.

Repeal by implication is not favored and will be avoided if the statute can be reconciled on any reasonable hypothe-

sis. Village of Ridgway v. County of Gallatin, 181 Ill. 521. An act amending a particular section of a former statute will not be given as liberal a construction in that regard as will a general act containing like provisions. People v. Yancey, 167 Ill. 255. Where two provisions of a statute are repugnant and irreconcilable, the latter must prevail as the last expressed will of the legislature. Munson v. Miner, 22 Ill. 595. Courts cannot disregard the plain language of a statute, but must accept it as they find it and enforce it as it is plainly written. People v. Rose, 174 Ill. 310.

It is urged on behalf of appellant that sections 83 and 84 have two different objects, the former referring to matters between the board of local improvements and the contractor, and the latter referring entirely to matters between the board of local improvements and the property owner, and that both sections can be given full force, without conflict; that whatever may be the order of the court in the proceedings under section 84, it cannot affect the rights of the contractor under section 83. There would be much force in this position, if the legislature had not incorporated in section 84 the following: "If before the entry of such order upon such certificate there shall have been issued to the contractor in the progress of any such work any bonds to apply upon the contract price thereof, said contractor or the then owner or holder of such bonds shall be entitled to receive in lieu thereof new bonds of equivalent amount, dated and issued after the entry of such order." This language clearly implies that the bonds issued to the contractor, in the progress of the work, to apply upon the contract price, are subject to be surrendered, and new bonds issued in lieu thereof after the entry by the court of the final order. The order of the court, therefore, is a prerequisite to the receipt by the contractor of the final issue of bonds in payment for the improvement.

The amendment was evidently enacted by the legislature with the intention and for the purpose of preventing possible fraud and collusion between the board of local im-

provements and the contractor in the construction of the improvement, and to insure to the municipality and to the property owners a local improvement in substantial compliance with the provisions of the ordinance authorizing the same.   If the improvement has been completed in substantial compliance with the provisions of the ordinance, the contracter is entitled to and should receive the contract price therefor, but if it shall be made to appear to the court that the provisions of the ordinance have not been substantially complied with, such contractor is not entitled to payment in full for the improvement, and he should be required to comply with the ordinance before demanding his pay.   We cannot interpret section 84 as amended otherwise than that it makes the court instead of the board of local improvements the final arbiter to determine whether the improvement has been completed in substantial compliance with the ordinance, and as making the right of the contractor to receive the full contract price contingent upon such determination.

A writ of *mandamus* will not be issued unless the petitioner shows a clear right thereto.   A party seeking to compel the performance of any act by *mandamus* must set forth every material fact necessary to show that it is the plain duty of the party sought to be coerced to act in the premises.

The petition in this case failing to allege a compliance with the provisions of section 84, is subject to demurrer, and the judgment of the Circuit Court is affirmed.

*Affirmed.*